[Civ. No. 14537. First Dist., Div. One. Dec. 18, 1950.]

HARRY RANDALL et al., Appellants, v. EDWARD BEBER et al., Respondents.

Jaffa & Sumski for Appellants.

Marcel E. Cerf, Robinson & Leland for Respondents.

BRAY, J.—Motion of Richard Kobritz, sued and served as First Doe, Earl B. Johnson, sued and served as Second Doe, and Allied Produce Company, sued and served as Red & Green

Company, a partnership,* to dismiss appeal by plaintiffs from a judgment in favor of defendants Edward Beber, A. Schapiro, Harold F. Churchill Company, a limited partnership, and Harold F. Churchill.**

## QUESTION PRESENTED

██ Is the order denying a motion to amend the complaint to substitute true names in place of fictitious named defendants appealable or is the court's action reviewable only on appeal from the final judgment in the case?

## RECORD

At the beginning of a three-day trial, certain defendants moved for a dismissal of the action against the fictitious defendants. At plaintiffs' request, action on this motion was reserved by the court. It never was passed on. On two occasions during the trial, plaintiffs stated that it appeared from the testimony that the proposed defendants had participated in the subject matter of the litigation and were liable with the defendants to plaintiffs; that thereupon plaintiffs had them served with summons (except Johnson, who was served shortly thereafter), and requested continuances of the trial to enable them to answer. These were denied. Approximately a month after submission of the cause for decision, plaintiffs moved to amend the complaint to substitute the true names of the proposed defendants in the place of the fictitious named defendants. The motion was based upon an affidavit of one of the plaintiffs to the effect that until the trial, he was unaware of the connection of the proposed defendants with the transaction or their business relationship to the defendants, and that the testimony at the trial showed the proposed defendants to be liable. Apparently this motion was taken under submission. Approximately a year later the court made an ''order denying motion to amend.'' The order stated that from the evidence adduced at the hearing, including that adduced at the trial, the court in denying the motion found that plaintiffs, prior to the trial, were aware of the proposed defendants' participation in the transaction involved and had not exercised due or any diligence in joining them as parties defendant; that such joinder now would result in hardships and unfairness to the original defendants. Shortly thereafter, findings of fact and conclusions of law in favor

---

*For convenience, these parties will be referred to as ''proposed defendants.''

**These defendants will be referred to as ''defendants.''

of defendants and a judgment for defendants were filed. No mention of the proposed defendants is made in either. A motion by plaintiffs for a new trial was denied. Plaintiffs appealed from the judgment, including the proposed defendants in their notice of appeal. After plaintiffs' opening brief was filed, in which plaintiffs attacked the action of the court in refusing the requested continuances and in denying the motion to amend, the proposed defendants moved this court to dismiss plaintiffs' appeal as to them. The motion is made upon two grounds: (1) That the appeal was not taken within 60 days after the order was made. In other words, it is claimed that the order is appealable. (2) That the proposed defendants are not parties to the judgment.

## Is the Order Appealable?

Plaintiffs contend that the order is not appealable, and can be reviewed only on an appeal from the final judgment. The order is not one of those specifically provided for in section 963, subdivision 2, Code of Civil Procedure. The proposed defendants contend that as to the relationship between plaintiffs and them, the order constitutes a final judgment and hence appealable under section 963, subdivision 1, which allows an appeal from a final judgment.

It is well settled that an appeal does not lie from an order denying leave to file an amended complaint. (*Cornic* v. *Stewart*, 179 Cal. 242 [176 P. 164]; *Harper* v. *Hildreth*, 99 Cal. 265 [33 P. 1103]; *Hurley* v. *Lake County*, 133 Cal.App. 219 [23 P.2d 838]; *Kline* v. *Beauchamp*, 29 Cal.App.2d 340 [84 P.2d 194].) In the Kline case the circumstances were somewhat analogous to those in our case. Suit was brought against Dr. Beauchamp and Dr. Simms. Dr. Kelley was served with summons. He appeared specially and moved to quash service of summons on the ground that he had never used, or was known by, any other name than Kelley. At the time his motion was heard the court also heard a motion by plaintiff to amend the complaint to allege that the true name of Simms was Kelley and that Kelley was sometimes known as Simms. The court made an order granting the motion to quash and an order denying the motion to amend. Plaintiff appealed from both orders. The reviewing court first affirmed the order granting the motion to quash and then held that "An appeal does not lie from an order of the trial court denying permission to amend a complaint." (P. 342.)

It is true that, as claimed by plaintiffs, the order denying them the right to amend their complaint and thereby bring in new parties, is a final denial by the trial court of their request, and results in a rather peculiar situation, namely, that a plaintiff, before he can test on appeal the trial court's action, must proceed to trial and judgment as to all parties actually in the case. If on appeal from that judgment it is determined that the trial court improperly denied his motion, he then must have a second trial, either with or without the defendants as to whom he obtained judgment, depending on the action of the reviewing court as to them. If this situation needs correcting it can be done only by the Legislature, which has specifically provided the instances in which an appeal lies, and has either declined or neglected to include an order of this kind. In *Camp* v. *Oakland Mortgage etc. Co.*, 205 Cal. 380 [270 P. 685], it was held that an order substituting parties defendant under section 386 of the Code of Civil Procedure is not appealable for the reason that it is not included in the orders made appealable under subdivision 2 of section 963 of the Code of Civil Procedure, nor is it a final judgment under subdivision 1. While an order substituting parties is not the same as an order denying an amendment to bring in new parties, the reasoning in the Camp case applies with equal logic to appeals from both orders.

At first blush, *Walsh* v. *Superior Court*, 92 Cal.App. 454 [268 P. 442], seems to support defendants' contention that the order here is appealable, as it apparently holds that an order refusing to allow plaintiff to substitute the executrix as defendant in place of her deceased husband is directly appealable. However, an examination of the case shows that both the trial and the appellate court treated the motion as a demurrer to the complaint, and that thereby ''the sole question presented to the trial court was whether the plaintiff's cause of action, if any, survived the death of Derrick. But whether the proper practice or otherwise, that question was before the court only by treating the contention of the executrix as in effect a demurrer. The contention was sustained and the motion to substitute was denied. It follows that the ruling thereon was in effect an order sustaining a demurrer.'' (P. 455.) The court held that the motion being equivalent to a general demurrer, the order denying it was therefore equivalent to an order sustaining a demurrer. Neither *Cole* v. *Roebling Construction Co.*, 156 Cal. 443 [105 P. 255], holding that in proper cases a judgment may be given against

one defendant and in favor of another, *Rocca* v. *Steinmetz,* 189 Cal. 426 [208 P. 964], holding that a judgment against one defendant, leaving the action to proceed against the other defendant, is appealable, or *W. H. Marston Co.* v. *Kochritz,* 80 Cal.App. 352 [251 P. 959], holding directly appealable an order quashing service of summons and dismissing the action as to one of several defendants, have any application to the facts of our case. Nor does *Baxter* v. *Boege,* 173 Cal. 589 [160 P. 1072], apply. There the appeal was from a judgment entered in favor of certain defendants after their demurrers to the complaint were sustained and plaintiff declined to amend. Obviously the judgment was a final one.

Cases like *Braun* v. *Brown,* 13 Cal.2d 130 [87 P.2d 1009], *Dollenmayer* v. *Pryor,* 150 Cal. 1 [87 P. 616], and *Ryan* v. *McKinley,* 124 Cal.App. 765 [13 P.2d 522], hold that an unsuccessful intervener may appeal directly from the order denying his motion to intervene, as the order is a final judgment as to him. That fact defferentiates the situation from that in the case at bar. The order denying amendment is, as to the plaintiffs, not a final judgment. The final judgment is to follow. The same is true of *Young* v. *Superior Court,* 16 Cal. 2d 211 [105 P.2d 363], allowing an appeal from an order setting aside an order of substitution, and in *Howe* v. *Key System Transit Co.,* 198 Cal. 525 [246 P. 39], where the appeal was from an order striking a cross-complaint. In both cases the particular order was held to be a final judgment as to the party appealing.

The motion to dismiss is denied.

Peters, P. J., and Wood (Fred B.), J., concurred.