[L. A. No. 25583.   In Bank.   Jan. 19, 1960.]

MARIE WEBER, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; PAUL D. WEBER, Real Party in Interest.

*Assigned by Chairman of Judicial Council.

Newell & Chester, Robert M. Newell and Theodore A. Chester for Petitioner.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, Edward A. Nugent and David Bernard, Deputy County Counsel, for Respondent.

Joslyn & Joslyn, J. M. Joslyn and R. B. Joslyn for Real Party in Interest.

TRAYNOR, J.—Petitioner seeks a writ of mandate compelling respondent superior court to hear and determine on the merits an order to show cause why she should not receive temporary alimony, costs, and fees in her action for divorce against the real party in interest.

Petitioner (hereinafter referred to as plaintiff) and the real party in interest (hereinafter referred to as defendant) were married in Los Angeles on October 4, 1940, and resided there until early in 1950. At that time they moved to Morocco, North Africa, where defendant was employed by the United States Corps of Engineers. About 1952 at defendant's request plaintiff returned to their home in Los Angeles. Thereafter defendant unsuccessfully attempted to procure a divorce from plaintiff in the Consular Court of the United States in Morocco. In 1956 he returned to the United States and took up residence in Reno, Nevada. He filed an action for divorce against plain-

tiff in that state, serving her by publication. The Nevada court granted an ex parte divorce to defendant on August 16, 1956. Defendant then proceeded to Los Angeles, where he married his present wife and where they now reside.

Plaintiff filed her action for divorce and permanent alimony in respondent court on March 17, 1959. She obtained an order to show cause why she should not be awarded temporary alimony, costs, and fees. At the hearing on this order, defendant objected to the introduction of any evidence as to plaintiff's need for the award or his ability to pay it on the ground that his ex parte divorce constituted a complete defense to plaintiff's motion. Respondent court sustained defendant's objection and entered its minute order as follows:

"For the purpose of this hearing, there is found to be a valid decree of divorce between the parties and there is no present marriage between the parties hereto. The Court is without jurisdiction to grant the relief prayed for."

██  *Hudson* v. *Hudson,* 52 Cal.2d 735, 745 [344 P.2d 295], establishes that an ex parte divorce decree, even if valid, cannot deprive a California court of jurisdiction to enforce support rights held under the laws of California at the time of the divorce. Defendant contends, however, that even if respondent court has jurisdiction under the Hudson case to award plaintiff permanent alimony, its jurisdiction to award her temporary alimony and attorney's fees nevertheless depends on an existing marriage under Civil Code, sections 137.2 and 137.3. This contention was raised and expressly answered adversely to defendant in the Hudson case. (*Hudson* v. *Hudson, supra,* at 744-745.)  ██  Our conclusion in that case that "[s]ince plaintiff may maintain her action for permanent alimony without attacking defendant's Idaho decree, it follows that she may receive temporary alimony, costs, and fees to enable her to continue the suit when she has shown that she needs such relief and that defendant has the ability to provide such assistance" (*Hudson* v. *Hudson, supra,* at (745) also governs here.

██  Defendant contends, however, that this case is distinguishable from the Hudson case because plaintiff filed her action for divorce and permanent alimony nearly three years after defendant's Nevada decree became final. In the Hudson case, the wife filed her action for divorce approximately one month before her husband filed his ex parte action in Idaho. Defendant urges that, although the husband's divorce decree became final prior to the hearing on the order to show cause

in Hudson, the California court had nevertheless already acquired jurisdiction of the wife's action and was thereby empowered to award relief to her. The Hudson decision, however, was not based on the fact that the California court first acquired jurisdiction but on the ground that the Idaho court had no jurisdiction to terminate the wife's right to support. Similarly, the Nevada court had no such jurisdiction here. (*Hudson* v. *Hudson, supra,* at 741-745.)

The writ of mandate may properly be used to compel respondent court to exercise its jurisdiction even though its refusal to do so is "based on the considered but erroneous belief that it has no jurisdiction as a matter of law to grant the relief requested" (*Robinson* v. *Superior Court,* 35 Cal.2d 379, 383-387 [218 P.2d 10]), if no other adequate remedy exists (Code Civ. Proc., § 1086). Since no purpose but delay would be served at this time by reviewing the District Court of Appeal's decision when it issued the alternative writ that the remedy by appeal was inadequate, we accept it for the purpose of this proceeding. (*Atkinson* v. *Superior Court,* 49 Cal.2d 338, 342 [316 P.2d 960] ; *Bowles* v. *Superior Court,* 44 Cal.2d 574, 582 [283 P.2d 704] ; cf. *City of Los Angeles* v. *Superior Court,* 51 Cal.2d 423, 429 [333 P.2d 745].)

Let the peremptory writ of mandate issue as prayed.

Gibson, C. J., Schauer, J., Spence, J., McComb, J., Peters, J., and Tobriner, J., pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.