[Civ. No. 19623.   First Dist., Div. One.   July 19, 1961.]

HAZEL R. SHANK, Appellant, v. LOS GATOS ASSOCI-
ATES (a Limited Partnership) et al., Respondents.

Malcolm K. Campbell for Appellant.

Rankin, Oneal, Luckhardt & Center and Kirkbride, Wilson,
Harzfeld & Wallace for Respondents.

BRAY, P. J.— The sole question on this appeal by
plaintiff from an order striking certain portions of the
amended complaint is whether that order is appealable.

#### RECORD

The allegations of the amended complaint pertinent here
follow: Defendant Los Gatos Associates owned certain real
property in Los Gatos on which they had erected a super
market and were remodeling an old warehouse building into
five stores.  As the result of certain representations alleged
to have been made to Pherne and Everett Shrewsbury by Asso-
ciates and the other defendants, by their agent and servant

Thomas Malatesta, the Shrewsburys entered into a five-year lease with Associates of one of said stores. These representations were knowingly false and made without any intention to perform them, and they have not been performed. The Shrewsburys operated a Stauffer reducing salon in the leased premises from August 1, 1956, to May 1, 1957, when they sold the business to plaintiff and her partner Price. The Shrewsburys also executed to plaintiff and Price a sublease at the same rental provided in the lease from Associates to Shrewsburys. As a result of the failure of Associates to perform as represented, so few customers came to the area that plaintiff and Price were forced to close their store. As assignee of Shrewsburys, plaintiff seeks $2,272.50 as being the difference in the rental value of the premises and the rental paid by the Shrewsburys under the terms of the lease, and plaintiff seeks in her own right and as assignee of her partner Price, $6,312.50, the difference between the rental paid and the fair rental value, and $35,478.50, being loss on fixtures, stock and franchise, cash put into the business, and time, labor and services of plaintiff and Price.

Defendants moved to strike all of the items of damage alleged except the $2,272.50 alleged excess rental payments by the Shrewsburys. The court, according to its memorandum of decision, held that the only cause of action alleged was that based on the Shrewsburys' assignment of alleged rents, and ordered all of the other items of damage, being those alleged to have been incurred by plaintiff and Price, stricken. (Defendants' general demurrer to the amended complaint was overruled.)

The order is nonappealable. The order is not one of those expressly mentioned in section 963, Code of Civil Procedure. Plaintiff concedes that usually such an order is not appealable. One of the latest cases so holding is *Hill* v. *Wrather* (1958), 158 Cal.App.2d 818 [323 P.2d 567], stating that an order striking a cross-complaint and certain affirmative defenses in the answer and the counterclaim is interlocutory in character and reviewable only upon an appeal from the final judgment. (See 3 Witkin, California Procedure, p. 2151, Appeal, § 10, stating that the theory behind the rule is that a "piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case.")

Plaintiff contends that the partnership damages are separate and distinct from those suffered by the Shrewsburys and

that therefore the striking of the partnership damages from the amended complaint is to that extent a final judgment against her claims on behalf of the partnership, and therefore she contends the order is appealable under section 963 as a final judgment.

While, in a sense, there is finality to the order, as plaintiff may not at the trial of the assigned claim proceed further with her personal claim, such finality is not of the type considered by the courts to constitute a final judgment. In *South v. Wishard* (1956), 146 Cal.App.2d 276, 282 [303 P.2d 805], the court stated that Code of Civil Procedure, section 579, "authorizes judgment to be entered in favor of some of the defendants while the action proceeds as to others, where a separate and several judgment may be rendered." In our case, the claims set forth in the amended complaint are between the same parties and would be contained in the final judgment. Plaintiff's personal damages would not in any event be made a judgment separate and distinct from the judgment for the Shrewsburys' damages.

*Howe* v. *Key System Transit Co.* (1926), 198 Cal. 525 [246 P. 39], also is in point, as appears from the analysis made of it in *Yandell* v. *City of Los Angeles* (1931), 214 Cal. 234, at 235-236 [4 P.2d 947]: "Defendant relies mainly upon *Howe* v. *Key System Transit Co.*, 198 Cal. 525 [246 P. 39], where an appeal from an order striking out a cross-complaint was permitted. In that case, however, the cross-complaint was filed by several *defendants* against *other defendants* and the parties in the cross-action were of course not identical with those in the main action. The court held that as to the cross-complaining defendants the order was a final determination of their cause of action against the other defendants, and that it was severable from the judgment in the main action. In the instant case we have no such situation. Where the parties to both actions are the same, it cannot be said that such an order is a complete determination of the cause. The Howe case is distinguished on this ground in *Merchants Nat. Bank* v. *Clark-Parker Co., supra* [97 Cal.App. 757 (276 P. 387)]." The Yandell case held that an order striking a cross-complaint was not appealable where the parties remaining in the action were the same as those in the cross-complaint. In *Aetna Cas. etc. Co.* v. *Pacific Gas & Elec. Co.*, 41 Cal.2d 785 [264 P.2d 5, 41 A.L.R.2d 1037], the court sustained a demurrer without leave to amend to the fourth cause of action and entered judgment thereon. The first two causes of action

were against a defendant not served; the third was against the defendant Bechtel Corporation to recover certain sums on plaintiff's own behalf. "The judgment on the fourth cause of action was a final determination of the rights of plaintiff as statutory trustee seeking to recover general damages for the benefit of the injured employee. As a final determination of the rights of plaintiff *in that capacity,* such judgment should be regarded as having the same measure of finality as would a similar judgment in an action in which there were two plaintiffs seeking their respective damages from the same defendant on two severable causes of action: (1) the insurance carrier for recovery of its own compensation expenditures; and (2) the injured employee for recovery of his own general damages." (P. 789.) There is no resemblance between a party suing as trustee for another person and one suing on an assigned claim.

In *Aetna,* the plaintiff on the fourth count sought recovery, not for itself, but for another, while in the third count it was seeking to recover for itself alone. In our case plaintiff is the real party in interest under both claims. Once the Shrewsburys assigned their claim to plaintiff, they had no further interest in the action.

In *Crofoot* v. *Crofoot* (1955), 132 Cal.App.2d 794 [283 P.2d 283], there were four counts, one for extreme cruelty, one for adultery, one for fraud in procuring a property settlement, and one for money loaned. The plaintiff sought judgment of separate maintenance, a decree setting aside a property settlement, and a money judgment. In a trial of the special issue of estoppel as to the two separate maintenance counts, based on a Mexican divorce, the court found in favor of the defendant and entered a decree barring plaintiff from proceeding on the counts for separate maintenance. The defendant appealed. The reviewing court held that the decree was not appealable, as there can be but one final judgment in a cause between the same parties.

In *Kennedy* v. *Kennedy* (1955), 130 Cal.App.2d 785 [279 P.2d 759], in an action where the complaint contained a count for annulment and one for divorce, and where the court found that the evidence was insufficient for a decree of annulment, the court stated that the plaintiff could proceed on the cause of action for divorce, and entered judgment for the plaintiff on the annulment count alone. The reviewing court on an appeal from that judgment held the judgment to be nonappealable as not being a final judgment.

In *Henry* v. *Law Firm of Hillyer, Crake & Irwin* (1960), 183 Cal.App.2d 798 [6 Cal.Rptr. 877], the court dismissed an appeal from an order granting motion to strike portions of second amended complaint and from an order sustaining demurrer to such complaint without leave to amend, saying (p. 799) : ''This court is powerless to entertain or consider the merits of a nonappealable order. An order sustaining a demurrer without leave to amend is not one of those mentioned in Code of Civil Procedure, section 963. It is not appealable. (*Evans* v. *Dabney,* 37 Cal.2d 758, 759 [235 P.2d 604].) An appeal in such cases must be taken from a judgment of dismissal. (*Schisler* v. *Mitchell,* 174 Cal.App.2d 27, 29 [344 P.2d 61] ; *Brown* v. *Mayor & City Council of Redlands,* 174 Cal.App.2d 763 [345 P.2d 75].) An order granting a motion to strike a portion of a pleading is in the same category. No appeal is provided from such an order. (*Yandell* v. *City of Los Angeles,* 214 Cal. 234 [4 P.2d 947] ; *W. A. Rose Co.* v. *Municipal Court,* 176 Cal.App.2d 67 [1 Cal.Rptr. 49].)'' (See also *W. A. Rose Co.* v. *Municipal Court* (1959), 176 Cal.App.2d 67, 74 [1 Cal.Rptr. 49], where we said: ''An order granting or denying a motion to strike a pleading is not appealable.'')

In our case not only are the parties the same and separate judgment could not be rendered on the claims made by plaintiff, but the claims are based upon the same alleged fraud, so that if the items of plaintiff's personal claim had not been stricken and if at the trial the court were to find that there was no fraud perpetrated by defendants, plaintiff could not recover on either the assigned claim or her personal claim.

As we said in *Mason* v. *Day* (1960), 187 Cal.App.2d 307 [9 Cal.Rptr. 531], concerning the striking of a cross-complaint, the order ''cannot be treated as a final judgment because it did not dispose of the litigation between those parties.'' (Pp. 307-308.)

The appeal is dismissed.

Tobriner, J., and Duniway, J., concurred.