[Civ. No. 29943. First Dist., Div. Two. Jan. 21, 1972.]

ELDON MADDERN et al., Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
ANTHONY R. PIERNO, as Commissioner, etc., et al.,
Real Parties in Interest.

**COUNSEL**

David B. Gold for Petitioners.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Mervin R. Samuel, Deputy Attorney General, Goldstein, Barceloux & Goldstein, O'Melveny & Myers, Graham L. Sterling, Nossaman, Waters, Scott, Krueger & Riordan, Harold Marsh, Jr., Burton J. Goldstein and Ralph Golub for Real Parties in Interest.

## OPINION

**ROUSE, J.**—Petitioners, minority shareholders of Yuba Consolidated Industries (hereafter Yuba), on February 3, 1970 filed a class action in the Superior Court of the City and County of San Francisco, seeking rescission and damages under section 25503 of the Corporations Code,[1] alleging that Standard Prudential Corporation (hereafter Standard) had violated the Corporate Securities Law of 1968 in that it failed to obtain a permit from the Commissioner of Corporations as required by section 25120[2] before effectuating a merger between Yuba and SPC Corporation (hereafter SPC), a wholly owned subsidiary of Yuba. Petitioners allege that the merger was effective February 28, 1969. It is admitted that no permit was obtained.

On July 21, 1970, five months after the action was filed in the superior court, Standard filed an application for a curative permit with the Commissioner of the Department of Corporations pursuant to section 25802,[3] asking, pursuant to section 25803,[4] that the permit be made retroactive to December 20, 1968, the date the merger agreement was signed by the directors of Yuba, Standard and SPC.

Petitioners applied to the superior court for a writ to prohibit the commissioner from holding a hearing on the application pending a determination by the superior court of whether the securities were "issued or sold" before January 2, 1969, within the meaning of section 25801[5] of the new Corporate Securities Law. That application was denied, the court conclud-

---

[1]Unless otherwise indicated, all references herein to code sections are to the Corporations Code.

[2]Section 25120 provides that "It is unlawful for an issuer to offer or sell in this state any security issued by it . . . in any exchange in connection with any merger or consolidation or purchase of corporate assets in consideration wholly or in part of the issuance of securities, unless the security is qualified for sale under this chapter . . . ."

[3]Section 25802 provides that "Upon application in accordance with this division, the commissioner may issue a curative permit authorizing the issuance and sale of any security previously issued or sold without a permit . . . . The commissioner shall issue a curative permit only if he finds that the plan of business of applicant and the issuance of the curative permit are fair, just, and equitable and that the applicant is transacting and intends to transact its business fairly and honestly and that in his opinion the issuance of the curative permit will not work a fraud upon the holders of any of the issued and outstanding securities of applicant."

[4]Section 25803 provides that "A curative permit issued pursuant to Section 25802 shall be effective as of the date upon which the securities authorized thereby were first issued and sold, and the provisions of Section 26100 as it read immediately prior to January 2, 1969 shall not apply to such securities."

[5]Section 25801 provides that "This part is applicable only to securities issued or sold before January 2, 1969."

ing that it had no jurisdiction to issue an order staying the administrative proceedings because petitioners had not exhausted their administrative remedies before the commissioner.

On August 26, 1971, our Supreme Court granted a hearing to petitioners and issued an alternative writ of prohibition staying proceedings before the Corporations Commissioner on Standard's application for a curative permit. Thereafter, the Supreme Court transferred proceedings to this court, where we are now asked to determine whether the superior court had jurisdiction to order a stay of proceedings on Standard's application which is pending before the Commissioner of the Department of Corporations, an administrative agency, until the jurisdictional question had been decided by the superior court, whose jurisdiction had been first invoked.

■ By issuing the alternative writ of prohibition, the Supreme Court necessarily determined that there is no adequate remedy in the ordinary course of law and that this case is a proper one for the exercise of original jurisdiction. (*City & County of S. F.* v. *Superior Court* (1959) 53 Cal.2d 236, 243 [1 Cal.Rptr. 158, 347 P.2d 294]; 5 Witkin, Cal. Procedure (2d ed. 1971) p. 3870.)[6]

■ ■ "General principles applicable to controversies in which the same parties and the same subject matter are involved are these: When two or more tribunals in this state have concurrent jurisdiction, the tribunal first assuming jurisdiction retains it to the exclusion of all other tribunals in which the action might have been initiated. Thereafter another tribunal, although it might originally have taken jurisdiction, may be restrained by prohibition if it attempts to proceed. [Citations.]" (*Scott* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 76, 81 [293 P.2d 18].)

"In other words, where two tribunals have concurrent jurisdiction to determine which has jurisdiction, the first in which a proceeding is filed must be allowed to determine the issue, and the second will be prohibited from proceeding further." (1 Witkin, Cal. Procedure (2d ed. 1970) p. 768; cf. *Scott* v. *Industrial Acc. Com., supra,* pp. 88-89.)

The rule is designed (1) to avoid unseemly conflict between courts that might arise if they were free to make contradictory decisions or awards at the same time or relating to the same controversy; and (2) to protect litigants from the expense and harassment of multiple litigation. (*Scott* v. *Industrial Acc. Com., supra,* pp. 81-82.)

---

[6] Witkin lists the *mandamus* cases in which this principle has been applied on page 3870, the *prohibition* cases on page 3819. A recent *mandamus* case where the principle is enunciated is *Randone* v. *Appellate Department* (1971) 5 Cal.3d 536, 543 [96 Cal.Rptr. 709, 488 P.2d 13].

In *Scott,* the court applied the rule when one of the tribunals was an administrative agency (p. 89), the Industrial Accident Commission, predecessor to the Workmen's Compensation Appeals Board, despite the fact that "the type and extent of relief which can be granted and the factors by which such relief is determined differ materially between the two tribunals; the superior court cannot award workmen's compensation benefits, and the commission cannot award damages for injuries." (*Scott* v. *Industrial Acc. Com., supra,* p. 83.)

■ Similarly, in the instant case, the superior court cannot issue a curative permit, for the commissioner is vested with jurisdiction to issue a curative permit by section 25802, and the commissioner cannot award damages to the shareholders for failure to secure a permit, for the superior court is vested with jurisdiction to award damages in such event by section 25503.

It appears that in this case, as in *Scott,* "the two tribunals involved—the superior court on the one hand and the commission on the other—do *not* have concurrent jurisdiction over the whole of the controversy, and one of them will be without jurisdiction to grant any relief whatsoever . . . ." (*Scott* v. *Industrial Acc. Com., supra,* p. 82.)

It also appears that in this case, as in *Scott,* "the only point of concurrent jurisdiction of the two tribunals appears to be *jurisdiction to determine jurisdiction;* jurisdiction once determined will be exclusive, not concurrent." (*Scott* v. *Industrial Acc. Com., supra,* p. 83.)

■ In *Taylor* v. *Superior Court* (1956) 47 Cal.2d 148 [301 P.2d 866], where the jurisdiction of the Industrial Accident Commission (predecessor to the Workmen's Compensation Appeals Board) was invoked *prior* to the jurisdiction of the superior court, the Supreme Court commented: "The Scott case holds that where two tribunals in this state have concurrent jurisdiction to determine jurisdiction, the question of which shall have exclusive jurisdiction shall be determined by the tribunal *whose jurisdiction was first invoked,* and proceedings in the tribunal whose jurisdiction was subsequently sought will, if not voluntarily stayed, be halted by prohibition *until final determination of the jurisdictional question by the tribunal where jurisdiction was first laid."* (P. 149; italics added. See also *Jones* v. *Brown* (1970) 13 Cal.App.3d 513, 520-521 [89 Cal.Rptr. 651].)

■ One of the reasons given by the trial court in concluding it had no jurisdiction to stay the administrative proceeding was that real parties, the applicants for the curative permit, had made no application, as they are

permitted to do under section 25804, subdivisions (a) and (b),[7] to stay the superior court proceedings. The fact that applicants did not seek relief under that section does not preclude the court from exercising its jurisdiction, for although the section requires the court to stay its *own proceedings* on motion by the applicant, it contains no reference to the power of the court to stay *administrative proceedings* on an application by the plaintiff in a court action for damages.

We conclude that the superior court, whose jurisdiction was first invoked, had jurisdiction to order a stay of the subsequently instituted administrative proceedings on the application for a curative permit pending a determination of the jurisdictional question in the superior court action.

 One point raised by the Commissioner of Corporations merits further discussion: The commissioner contends that upon the voluntary dismissal of the appeal, the superior court judgment became final and that the final judgment is now res judicata upon this petition.

Res judicata applies only if there is a decision on the merits. A determination that the court has no jurisdiction to act is not a decision on the merits. (*Financial Indem. Co.* v. *Superior Court* (1955) 45 Cal.2d 395 [289 P.2d 233].)

After filing their petition for a writ of prohibition and/or mandate or certiorari, petitioners sought to protect their right of appeal by filing timely notice thereof. On October 29, 1971, after a petition for hearing had been granted by the Supreme Court in this writ proceeding, after the alternative writ had been issued, and after the writ proceeding had been transferred to this court for hearing and decision, petitioners filed a voluntary abandonment and dismissal of their appeal in action No. 623058. It is apparent from the record that petitioners' purpose in abandoning their appeal was to avoid confusion between this writ proceeding and collateral appeal proceedings.

We do not agree with the commissioner that the dismissal of the appeal

---

[7]Section 25804, subdivisions (a) and (b): "(a) When an application for a curative permit has been filed, the applicant may, *in any civil proceeding pending in a court of original jurisdiction,* move for a stay of proceedings, with respect to any issue which turns on the provisions of Section 26100 as it read immediately prior to January 2, 1969. . . .

"(b) The court shall stay all proceedings relating to any issues which turn on the provisions of Section 26100 as it read immediately prior to January 2, 1969, until the commissioner has granted or denied the permit and the grant or denial has become final *if the court finds that the application and affidavits, if any, state facts showing that the commissioner has jurisdiction of the application and that there is a prima facie basis for the finding required by Section 25802."* (Italics added.)

under the circumstances above set forth operates as a bar or deprives this court of jurisdiction to determine whether the superior court was mistaken in its assumption that it did not possess the requisite jurisdiction. (*Financial Indem. Co.* v. *Superior Court, supra.*)

Let a peremptory writ of mandate issue directing the San Francisco Superior Court to vacate that portion of its judgment denying relief to petitioners in action No. 623058. Let a peremptory writ of prohibition issue commanding the Department of Corporations (Brian Van Camp, Commissioner) to stay further proceedings on the application for a curative permit filed by the real parties in interest until there has been a final determination of the jurisdictional question (whether the securities were "issued or sold" before January 2, 1969) in superior court action No. 612991.

Taylor, P. J., and Kane, J., concurred.

Petitions for a rehearing were denied February 18, 1972, and the petitions of the real parties in interest for a hearing by the Supreme Court were denied March 16, 1972.