[Civ. No. 17318. Third Dist. Nov. 6, 1979.]

SCOTT E. INGRAM, Petitioner, v.
THE SUPERIOR COURT OF SUTTER COUNTY, Respondent;
MARY LOIS SLINKARD, as Administratrix, etc., et al.,
Real Parties in Interest.

COUNSEL

Donald E. Huckins and James L. Curry for Petitioner.

No appearance for Respondent.

Rich, Fuidge, Marsh & Morris and John Sanbrook for Real Parties in Interest.

OPINION

**EVANS, J.**—Petitioner, Scott E. Ingram, seeks a writ of mandate directing the Superior Court of Sutter County to vacate its order striking petitioner's amendment to his complaint and its order of substitution, or in the alternative, to vacate its order denying petitioner's motion to amend his complaint. Petitioner contends that Russell Marvin Parks (who was killed in the same accident in which petitioner was injured) is identified as an intended defendant in the complaint, although not in the caption; accordingly, he argues neither of the requested amendments sets forth a new cause of action, and the statute of limitations is therefore not a bar to amendment. Petitioner asserts that amendments to complaints should be liberally allowed and that for this reason the court abused its discretion in striking the first amendment and in refusing the second amendment.

On February 27, 1975, petitioner filed a complaint for damages due to negligence, naming as defendants Robert Lyndell Richardson, Mary Lois Slinkard, and Does I through X and alleging the following facts. Petitioner was born September 18, 1956, and was a minor at the time of the accident. Defendants Slinkard and Doe I were the owners of a 1954 Ford pickup truck and with Doe II had consented to its use by Russell Marvin Parks. Defendants Richardson and Does III and IV were the owners of a 1964 Ford Fairlane and had consented to its operation by Richardson. On or about October 6, 1972, petitioner was a passenger in the pickup, while Richardson was driving the Fairlane easterly on Franklin Road. Richardson and Parks each operated the respective vehicles so negligently that they collided. As a result petitioner was injured and sought damages.

Slinkard answered the complaint on November 11, 1975; she admitted ownership and permissive use of the 1954 pickup. She further admitted that Richardson was operating a 1964 Fairlane automobile at that time. She denied all other allegations, including that Parks was negligent or careless. As affirmative defenses Slinkard alleged assumption of the risk, contributory negligence, and that defendants other than she were responsible for the injuries.

On November 12, 1975, Richardson answered the complaint. He admitted that Parks had negligently caused the collision, and denied all other allegations. As an affirmative defense Richardson alleged contributory negligence on petitioner's part.

On November 20, 1975, petitioner served his at-issue memorandum and certificate of readiness, and therein stated that all essential parties had been served or had appeared and the case was at issue as to all such parties. To counsel's knowledge no other party would be served with process, and no pleading was to be served or remained unanswered.

Trial was set for July 20, 1976, with pretrial and settlement conference set for July 7, 1976. On July 1, 1976, counsel for petitioner filed a pretrial statement in which he described the proceedings as an action for personal injury by petitioner against "defendants, Robert Lyndell Richardson and Mary Lois Slinkard." He asserted the issues to be the negligence of Richardson, the negligence of Parks, Slinkard's liability, the injury suffered, and contributory negligence.

On July 7, 1976, the scheduled conference was held, and thereafter the court prepared a memorandum of the conference in which it was noted that the action was for personal injuries sustained in a collision between a vehicle owned and operated by Richardson and one in which petitioner was riding owned by Slinkard and operated with her permission by Parks, who died in the accident. The court inquired and was informed that all fictitious defendants could be dismissed. The parties agreed that all necessary parties were before the court, the issues were joined, and no amendments to the pleadings were required.

Upon inquiry, the court was advised that a settlement offer of $22,500 had been refused. Petitioner's counsel stated that Slinkard was insured for $50,000 and Richardson $25,000, and that petitioner's case was worth the full value of both policies. Slinkard's counsel offered

$15,000; in private he advised the court that Slinkard's derivative liability was limited to $15,000 for injuries caused by a permissive user; and since Parks, the driver, or his estate, had not been sued, there was no coverage as to him. By agreement the court advised all parties of this matter. Upon being so informed, petitioner's counsel withdrew his permission to dismiss the fictitious defendants and noted that he would move for appointment of a special administrator and seek to join the special administrator as a defendant. The case was taken off calendar.

On March 17, 1977, petitioner presented a written ex parte motion for permission to amend his complaint to set forth in the title as named defendant (not as a substitute for a fictitious defendant) "The Estate of Russell Marvin Parks." Petitioner argued that in the body of the complaint, although not in the caption, Parks was described a defendant. The amendment was argued to be merely an amendment as to form and not one adding a new party or stating a new cause of action. The motion was granted ex parte on March 24, 1977.

Petitioner's counsel then filed a probate petition in Sutter County Superior Court to have Kay Wilcoxen appointed administratrix of the estate of Parks, and the petition was granted on May 13, 1977. Petitioner then filed a written ex parte motion to substitute Kay Wilcoxen in the place of the estate of Parks as a defendant, and the motion was granted and an order of substitution issued the same day, June 14, 1977.

By motion dated June 24, 1977, defendant Slinkard moved to strike the amendment and order of substitution. The motion was on the grounds that the amendment and order of substitution were made without notice in violation of Code of Civil Procedure section 473, that the amendment brings in a new party, that the amendment asserts a new cause of action, and that the statute of limitations prevents amendment. In his declaration in support of the motion, counsel stated that back on November 8, 1976, in an earlier probate proceeding, Slinkard herself had been appointed administratrix of the estate of Parks and letters of administration had been issued to her by the same court. He also stated that Parks was not a named defendant in the complaint.

Petitioner opposed the motion to strike, and in a declaration his counsel alleged that when he filed the complaint he intended that Parks be a defendant and believed Parks was a defendant at the time of the pre-

trial and settlement conference. Counsel for petitioner presented a formal motion to again amend the complaint to substitute for defendant Kay Wilcoxen "'MARY LOIS SLINKARD as Adminstrator of the estate of RUSSELL MARVIN PARKS.'"

The motions to strike and to amend were ultimately argued and submitted, and petitioner's counsel submitted a further declaration stating that at the time he filed the complaint he "believed RUSSELL MARVIN PARKS to be a Defendant in said lawsuit, and all actions taken thereafter by your declarant were done with the belief that RUSSELL MARVIN PARKS was a Defendant in said action." On September 16, 1977, the court granted the motion to strike the amendments and order of substitution.

On November 10, 1977, petitioner filed the present petition. We issued an order to show cause.

I

Slinkard contends that a writ of mandate is an inappropriate remedy since petitioner has an adequate remedy at law. She alleges that the order of the trial court striking the amendments to the complaint and substitution of parties, and the denial of permission to amend are appealable orders.

■ Although an order denying leave to amend a complaint is not an appealable order (*Randall* v. *Beber* (1950) 101 Cal.App.2d 179, 180-183 [225 P.2d 291]), nor are orders denying substitution of parties (*ibid.*) and granting a motion to strike parts of a pleading (*Shank* v. *Los Gatos Associates* (1961) 193 Cal.App.2d 824, 825 [14 Cal.Rptr. 726]), when such orders have the effect of eliminating issues between a plaintiff and defendant so that nothing is left to be determined, the order is a final judgment and is appealable. (*Wilson* v. *Sharp* (1954) 42 Cal.2d 675, 677 [268 P.2d 1062].) Here the court's action had the effect of eliminating the estate of Parks from the case, and hence was appealable.

But although appeal was available, petitioner contends that it is not an adequate remedy. To force petitioner to wait for an appeal would delay the decision as to the estate's liability and could result in a second trial. By issuing the order to show cause we necessarily determined that there is no adequate remedy in the ordinary course of the law, and that

an extraordinary writ is appropriate. (*People* ex rel. *Younger* v. *County of El Dorado* (1971) 5 Cal.3d 480, 492 [96 Cal.Rptr. 553, 487 P.2d 1193]; *San Francisco Unified School Dist.* v. *Johnson* (1971) 3 Cal.3d 937, 945 [92 Cal.Rptr. 309, 479 P.2d 669]; *Maddern* v. *Superior Court* (1972) 22 Cal.App.3d 998, 1002 [99 Cal.Rptr. 832].) Since no purpose but delay would be served by reviewing our decision in issuing the order to show cause, we do not reconsider that decision now. (*Weber* v. *Superior Court* (1960) 53 Cal.2d 403, 406 [2 Cal.Rptr. 9, 348 P.2d 572].)

## II

■ Petitioner contends that the complaint identifies Parks as a defendant and that the requested amendments are merely to correct defects in form. He cites his counsel's declarations in support of this position, but in distinguishing form from substance we must look at what the complaint says, not what counsel subjectively believes.

The complaint charges that Parks' negligence caused petitioner's injuries. But it does not designate Parks or his estate as a defendant, entirely omitting them from the caption where defendants are listed. The form of such complaint is particularly relevant when viewed with counsel's later actions. Counsel made no attempt to open an estate or secure service upon a representative of Parks. He filed his at-issue memorandum after Slinkard and Richardson had answered, and stated that all essential parties had been served or had appeared, and that no other party was to be served. In his pretrial statement he identified the defendants as Richardson and Slinkard only; and identified the issues as "The negligence of the defendant, Robert Lyndell Richardson. [¶] The negligence of Russell Marvin Parks and the liability of Mary Lois Slinkard." He did not seek relief against Parks or Parks' estate. Despite his declaration, it is impossible to believe that he considered a dead person to be a defendant; and his actions belie any claim, if such claim is made, that he considered the "Estate of Parks" a defendant. Hence we reject petitioner's argument that Parks was a named and intended defendant throughout.

## III

■ Concededly, at the time the amended complaint was lodged with the court, the one-year statute of limitations had run (Code Civ. Proc., § 340); consequently, our principal concern is whether a deceased

person, charged with negligence in a complaint but not named as a defendant, may be added as a defendant after the statute of limitations has run. It should be emphasized that the petitioner did not attempt to substitute the estate of Parks for one of the Does, nor does it appear under the circumstances that he would have been entitled to do so; this distinguishes the case from the precedential effect of *Smeltzley* v. *Nicholson Mfg. Co.* (1977) 18 Cal.3d 932 [136 Cal.Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121].

Decisional authority has evolved a liberal rule in permitting plaintiffs to amend pleadings and to substitute named defendants for charged fictitious defendants without incurring the bar of the statute of limitations; this is so in order that cases may be fairly decided on their merits. (See *ibid.; Barnes* v. *Wilson* (1974) 40 Cal.App.3d 199, 204 [114 Cal.Rptr. 839].) Petitioner seems to argue on such authority that his error was one of clerical omission in failing to include Parks or his estate and that the proposed amendment adding the estate as a defendant was merely corrective of an honest mistake of omission in form. We do not perceive the circumstances that way.

Amendment to correct a simple mistake in the naming of a party must be sharply distinguished from the question of whether the correctly named party is actually being joined in that action for the first time under the guise of correcting a mistake in form. The mistake or ignorance causing the omission must be real, not feigned. (*Wallis* v. *Southern Pac. Transportation Co.* (1976) 61 Cal.App.3d 782 [132 Cal.Rptr. 631].)

While we recognize the Supreme Court's liberal attitude toward allowing amendments of pleadings to avoid the harsh result imposed by a statute of limitations, that attitude is not unfettered by reasonable requirements. Some discipline in pleading is still essential to the efficient processing of litigation. In the case of a change in pleading theory, present authority permits amendment following expiration of the statute of limitations, and the amended complaint will be deemed filed as of the date of the original pleading *provided* recovery is sought in both pleadings on the same general set of facts. (*Smeltzley* v. *Nicholson Mfg. Co., supra,* 18 Cal.3d 932; *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 600 [15 Cal.Rptr. 817, 364 P.2d 681].) Similarly, in the case of substitution of a named defendant for a fictitiously named and charged defendant, great liberality is allowed.

However, a party may only avail himself of the use of naming Doe defendants as parties when the true facts and identities are genuinely unknown to the plaintiff. (See *Johnson* v. *Goodyear Tire & Rubber Co.* (1963) 216 Cal.App.2d 133 [30 Cal.Rptr. 650].) None of the described circumstances are here present so that the amendment should be allowed. As disclosed by the record, the sole and only factor unknown to petitioner prior to the time the amendment was offered was the limitation on Slinkard's insurance policy for liability arising out of permissive use; and this involves not a question of fact but one of law. The effect of the proposed amendment thus would be to name a new party without justifiable cause after the statute has run. ■ The straightforward rule is that amendment after the statute of limitations has run will not be permitted when the result is the addition of a party who, up to the time of the proposed amendment, was neither a named nor a fictitiously designated party to the proceeding. (*Stephens* v. *Berry* (1967) 249 Cal. App.2d 474, 478 [57 Cal.Rptr. 505].) ■ That rule is here applicable.

As above noted, we refuse to conclude as alleged by petitioner that he had at all times intended Parks and his estate to be a defendant charged with liability for the injuries. Rather, it unequivocally appears that for whatever reason, petitioner did not intend to direct the action against Parks or his estate. He demonstrates this beyond any question when he asserts in his pretrial statement that the issues are "The negligence of the defendant, Robert Lyndell Richardson. [¶] The negligence of Russell Marvin Parks *and the liability* of Mary Lois Slinkard." (Italics added.) The complaint itself discloses a clear intention contrary to that proffered by petitioner's counsel. It seeks to establish liability against Slinkard only (along with Richardson) and not against Parks' estate, and seeks to achieve such liability by Parks' negligence as a permissive user. The amendment was sought only after discovery that Slinkard's insurance responsibility for injury arising out of permissive use was limited to the $15,000 provided by law. (Veh. Code, § 17151.) The amendment was not calculated to correct a clearly defined or obvious error of omission, as would be the case of a misnomer of a defendant.

The authorities relied upon by petitioner all correctly state the law of pleading amendment and relation back. However, they are in each instance factually inapposite and not applicable. (See *Barnes* v. *Wilson, supra,* 40 Cal.App.3d 199; *Thompson* v. *Palmer Corporation* (1956) 138 Cal.App.2d 387 [291 P.2d 995].)

The order to show cause previously issued is discharged, and the petition for writ of mandate denied.

Paras, Acting P. J., concurred.

REYNOSO, J.—I dissent. The principal issue we face is this: May a person clearly charged with negligence in a complaint, although not named as a defendant, be added to the complaint after the statute of limitations has passed? I conclude that such person may be added as a defendant.

Decisional law has evolved to the point which requires such a conclusion. My analysis begins with *Day* v. *Western Loan and Bldg. Co.* (1940) 42 Cal.App.2d 226 [108 P.2d 702]; there a plaintiff filed a complaint against the driver of an automobile which had injured him, and against Does I to III alleging that the Does may have been the owners of the automobile and controlled it at the time of the accident. Plaintiff was allowed to amend his complaint, after the statute of limitations period, to name as defendant the driver's employer on a respondeat superior theory. The amended complaint was the first time the respondeat superior theory was asserted. The Court of Appeal held that the allegation that a fictitious defendant "controlled" the automobile sufficiently implied that plaintiff sought recovery on a respondeat superior theory. (*Id.* at p. 233.) Later, in *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596 [15 Cal.Rptr. 817, 364 P.2d 681], plaintiffs filed a complaint against named defendants and a number of fictitious defendants, alleging that defendants had acted as brokers and agents and refused to deliver securities and moneys received on behalf of plaintiffs, and that defendants had filed a surety bond for faithful performance of the duties as a broker. After the expiration of the time for filing a claim under the terms of the bond, plaintiffs were allowed to amend their complaint to make a claim upon the bond, substituting the bonding company for one of the fictitious defendants. The Supreme Court observed that the policy that cases should be decided on their merits has gradually broadened the right of a party to amend a pleading without incurring the bar of statute of limitations. (*Id.* at p. 600.) It is noteworthy that amendment was permitted not merely substituting defendant for a fictitious defendant, but changing the allegations against that defendant since no fictitious defendant had been alleged to be liable as surety on the bond. (*Id.* at pp. 599-601.) The court stated that an amendment that relates back to the original complaint is permissible as long as recovery is sought on the same general set of facts.

(*Id.* at p. 601.) And, in *Garrett* v. *Crown Coach Corp.* (1968) 259 Cal. App.2d 647 [66 Cal.Rptr. 590], plaintiff filed a complaint for personal injuries against certain defendants and certain fictitious defendants. The complaint alleged that plaintiff was injured when his vehicle was struck by a school bus, and that the fictitious defendants were agents, servants and employees of the Board of Education and defendant school district. Plaintiff was permitted to amend, after the statute of limitations had passed, to substitute Crown Coach Corp. as Doe I and to allege that Crown designed and manufactured the bus negligently. The Court of Appeal held that the amendment was proper even though no claim of negligent design or manufacture was originally pled, relying on *Austin* v. *Massachusetts Bonding & Insurance Co., supra,* 56 Cal.2d 596. (*Id.* at pp. 650-652.)

The last two cases in this line are *Grudt* v. *City of Los Angeles* (1970) 2 Cal.3d 575 [86 Cal.Rptr. 465, 468 P.2d 825], and *Smeltzley* v. *Nicholson Mfg. Co.* (1977) 18 Cal.3d 932 [136 Cal.Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121]. In *Grudt* a plaintiff sued the city on a respondeat superior theory for the wrongful death of her husband when he was killed by two police officers. The Court of Appeal held that plaintiff could amend her complaint after the statute of limitations had passed to allege the negligence of the city in retaining the officers as employees although aware that they were dangerous. The court stated that it did not matter that the amendment stated a different legal theory, since it sought recovery on the same general set of facts. (*Id.* at pp. 583-585.) Finally, in *Smeltzley* the Supreme Court reaffirmed the holding in the above cases. The court ruled that a plaintiff must be allowed to amend his complaint to state a case in products liability against a new defendant, even though the original complaint charged plaintiff's employers with failure to provide him a safe place to work. The court discussed the precedent and held that the amended complaint related to the same general state of facts. (*Id.* at p. 939.)

The present case, as noted by the majority, differs from each of the cases discussed. In his complaint, petitioner specifically alleged that Parks was negligent and that his negligence caused the injuries to petitioner. Parks was not unknown to petitioner nor was the cause of action against Parks unknown to petitioner. It appears that petitioner failed to sue Parks due to a failure to realize that vicarious liability of the owner of a vehicle is limited in amount. In ruling on the issue of whether petitioner would be allowed to amend his complaint, the trial court noted

that the original complaint charged Parks with negligence, but relied upon counsel's subsequent actions to determine whether Parks was intended as a defendant. Since petitioner has not attemped to serve a representative of Parks' estate and had proceeded only against Slinkard and Richardson, the trial court refused to allow the amendment.

Unlike the majority I conclude that the trial court erred in considering petitioner's actions subsequent to the filing of the complaint; we must look to the complaint alone to determine whether a cause of action has been stated against Parks. In order to commence an action within the period of the statute of limitations it is necessary only that a complaint be filed. (Code Civ. Proc., § 350.) It is not necessary that defendant be notified of the claim; and lack of diligence after filing the complaint may be remedied by a motion to dismiss. (See 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 384, pp. 1218-1219.) The complaint in the instant case was filed within the period of the statute of limitations. Petitioner's subsequent actions will not cause the statute to run against him if the original complaint was sufficient.

Code of Civil Procedure section 452 and decisional law, the majority agrees, call for a rule of liberal amendments to a complaint. Section 452 reads: "In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties." *Nelson* v. *East Side Grocery Co.* (1915) 26 Cal.App. 344 [146 P. 1055], explains that in determining who the parties to an action are the whole body of the complaint is to be taken into account, and not merely the caption. (*Id.* at p. 347.)

A reading of the complaint in this case shows beyond doubt that Parks is charged with negligently causing petitioner's injuries. To permit petitioner to amend his complaint to name the estate of Parks as a defendant would be in conformity with the policy of liberally construing pleadings with a view to substantial justice between the parties and the policy that cases should be decided on their merits. (*Austin* v. *Massachusetts Bonding and Insurance Co., supra,* 56 Cal.2d, at p. 600.) There will be no more prejudice here, where petitioner has clearly charged Parks with negligence in his complaint, than in the *Austin* line of cases where plaintiffs were permitted to amend complaints in which they failed to charge the proposed defendants and failed to charge fictitious defendants with the cause of action later asserted. Here, as in those cases, petitioner seeks to amend to state a cause of action based upon the same set of facts in the original complaint.

The facts in this case indicate that the amendment would cause no prejudice to the parties. Petitioner filed his suit and negotiated for a settlement. Slinkard, who was Parks' mother and administrator of his estate, was brought into the action and was informed that petitioner sought recovery for personal injury due to Parks' negligence. She was represented by her insurance company which also covered Parks. Counsel for Slinkard negotiated with petitioner, and noted at the pretrial conference that an offer had been turned down by petitioner. It was not until the pretrial conference that counsel explained that he would only offer $15,000 since Parks had not been named as a defendant.[1] All parties concerned were aware that petitioner sought recovery due to Parks' negligence and defense counsel was aware of the mistake of counsel for petitioner. Under the circumstances of this case I would hold that petitioner must be permitted to amend his complaint.

I would issue a peremptory writ of mandate ordering the Superior Court of Sutter County to vacate its order striking petitioner's amendment to his complaint and to allow petitioner to amend his complaint to name as a defendant Mary Lois Slinkard as administrator of the estate of Russell Marvin Parks.

On December 3, 1979, the opinion was modified to read as printed above. Petitioner's application for a hearing by the Supreme Court was denied January 3, 1980. Bird, C. J., and Mosk, J., were of the opinion that the application should be granted.

---

[1]Where a party makes promises that a settlement will be reached and thus induces the other party not to bring suit it has been held that the defendant will be estopped from asserting the statute of limitations when the plaintiff fails to file his complaint due to such promises. (See 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 396, pp. 1228-1229.) While such action was not alleged here, and defense counsel's conduct would not appear to reach this level of activity, the defense actions are relevant in that they show that no prejudice would result by the amendment.