961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marcus Charles FRYE; Plaintiff-Appellant,
v.
BOARD OF PRISON TERMS; et al., Defendants,
Raymond Kerr, Chairman; California Department of
Corrections; Daniel McCarthy, Director,
Defendants-Appellees.
 No. 90-55360.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 24, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marcus Charles Frye, a former California state prisoner, appeals pro se the district court's dismissal for failure to state a claim of his 42 U.S.C. § 1983 action against prison officials and parole agents. The district court found that (1) Frye's addition of new defendants in his amended complaint was barred by the statute of limitations, (2) Frye's claims against state defendants were barred by the 11th amendment, and (3) Frye failed to allege with sufficient particularity the specific conduct of each named defendant which caused a constitutional deprivation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm.
 
 
 3
 While on parole, Frye was arrested, charged, and convicted of a new offense, and additionally was charged with parole violation. As a result, Frye's parole was revoked and he was sentenced to prison. Frye was released from prison on May 28, 1987.
 
 
 4
 On November 3, 1987, Frye filed his original complaint in district court alleging violation of his constitutional rights in connection with his parole revocation. On June 27, 1988, Frye filed his First Amended Complaint, which was stricken by the court because Frye had not first obtained leave of the court. On March 17, 1989, after obtaining leave of the court, Frye filed his Second Amended Complaint,[1] adding new defendants and new claims.
 
 
 5
 * Statute of Limitations
 
 
 6
 In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court held that the statute of limitations for section 1983 actions is the state statute of limitations for personal injury actions. Id. at 279. In California, this period is one year. Cal.Civ.Proc.Code § 340(3); McDougal v. County of Imperial, 942 F.2d 668, 672 (9th Cir.1991). The statute of limitations is tolled, however, during plaintiff's imprisonment. Cal.Civ.Proc.Code § 352(a).
 
 
 7
 Here, Frye alleges violations concerning revocation of parole status, his subsequent conviction on new charges, and his treatment in prison after resentencing. Frye was released from prison on his subsequent conviction and parole revocation term on May 27, 1987. Frye filed his Second Amended Complaint on March 17, 1989, well beyond the one-year statute of limitations. See Cal.Civ.Proc.Code § 340(3). Frye contends that the district court erred by striking his First Amended Complaint and therefore he is not barred by the statute of limitations. Nevertheless, Frye's First Amended Complaint, filed on June 27, 1988, also was filed more than one year after Frye's release from prison, and therefore was beyond the statute of limitations. See id. Further, Frye does not allege events which occurred after May 27, 1987 which resulted in constitutional deprivations.[2]
 
 
 8
 Frye contends that his amended complaint relates back to his original complaint for statute of limitations purposes. In California, a plaintiff can amend a complaint to substitute a named defendant for a fictitious defendant up to three years after the filing of the original complaint, even if the statute of limitations has run and even if the defendant had no notice of the action. Cabrales v. County of Los Angeles, 864 F.2d 1454, 1463 (9th Cir.1988), cert. granted and judgment vacated, 490 U.S. 1087, decision reinstated, 886 F.2d 235 (1989), cert. denied, 494 U.S. 1091 (1990); Ingram v. Superior Court, 98 Cal.App.3d 483, 491, 159 Cal.Rptr. 557, 561 (1979). Nevertheless, amendment after the statute of limitations has run is not permitted to add a new defendant who was neither a named nor fictitiously designated party to the proceeding. Ingram, 98 Cal.App.3d at 492, 159 Cal.Rptr. at 561-62. Here, Frye substituted three defendants for fictitious defendants. Frye also added thirteen new defendants in his amended complaint. The district court dismissed only the thirteen new defendants as barred by the statute of limitations. Because these defendants were neither named nor fictitiously designated parties to the original complaint, the amended complaint did not relate back as to these defendants. See id.
 
 
 9
 Frye contends that because he was pursuing a related action in state court, the statute of limitations was tolled until the state court action was decided on August 3, 1987. Under the doctrine of equitable tolling, if a plaintiff has several legal remedies, the statute of limitations will be tolled while he is pursuing one remedy so that he may later pursue another remedy. Appalachian Ins. Co. v. McDonnell Douglas Corp., 214 Cal.App.3d 1, 38 (1989). There are three requirements for application of the doctrine: (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant; and (3) good faith and reasonable conduct by the plaintiff. Collier v. City of Pasadena, 142 Cal.App.3d 917, 924 (1983).
 
 
 10
 Here, Frye cannot meet the test for equitable tolling because the thirteen new defendants did not have notice of the claims against them. See id. They were not named in the state court action, and Frye was only one of over 400 class members in that action. Thus, equitable tolling is not available to Frye here. See id.
 
 II
 Eleventh Amendment
 
 11
 The eleventh amendment bars actions in federal court against state agencies. Durning v. Citibank, N.A., 950 F.2d 1419, 1428 (9th Cir.1991). The eleventh amendment also bars an action against state officials in their official capacity if the State is the real party in interest. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101 (1984). Thus, the district court correctly dismissed the action as to the Board of Prison Terms, the California Department of Prison Terms, and defendant state officials in their official capacities. See id; Durning, 950 F.2d at 1428.
 
 
 12
 Frye contends that the district erred by dismissing the complaint on eleventh amendment grounds because he sought prospective declaratory relief. Frye is correct that an action against state officials for prospective declaratory or injunctive relief is not barred by the eleventh amendment. Southern Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 508 (9th Cir.1990), cert. denied, 112 S.Ct. 382 (1991). Nevertheless, Frye's claim for declaratory relief was moot because he had already been released from prison at the time he filed the complaint. See Johnson v. Moore, 948 F.2d 517, 519 (1991).
 
 III
 Failure to State a Claim
 
 13
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). The complaint must allege that specific conduct by the defendant was the proximate cause of the section 1983 injury. King v. Massareh, 782 F.2d 825, 829 (9th Cir.1986). Liability cannot be based on a theory of vicarious liability or respondeat superior. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir.1984).
 
 
 14
 Here, Frye's complaint fails to identify with particularity the specific acts of each defendant which caused a deprivation of his constitutional rights. See King, 782 F.2d at 829. In his complaint, Frye first identifies 29 named and fictitious defendants, including supervisors. Frye then describes at length the facts which have taken place since 1982 in connection with his original conviction, parole, subsequent arrest, parole revocation, imprisonment, and treatment in prison, generally without naming the specific defendants involved in each event. Frye then lists seven causes of action which he alleges arise from these facts and acts by these defendants. Frye does not allege with particularity which acts by each defendant caused each constitutional deprivation. See id. Thus, the district court correctly dismissed the complaint for failure to state a claim. See Parratt, 451 U.S. at 535.
 
 
 15
 Frye alleges that the district court erred by dismissing his complaint without giving him notice of the deficiencies. Before dismissing a complaint, the district court must give a pro se litigant an opportunity to amend, unless it is absolutely clear the complaint's deficiencies cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Here, the district court dismissed Frye's amended complaint with leave to amend, and notified Frye of the need to plead the specific conduct of each defendant which caused a constitutional deprivation. Frye refused to amend his complaint, and his action was dismissed. Thus, Frye's argument on appeal that he should have been given notice of the deficiencies and opportunity to amend is meritless. He had such notice and opportunity below and refused to take advantage of it. See id.[3]
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Frye titled this document "First Amended Complaint As Second Amended Complaint." For clarity, we will refer to the amended complaint filed March 17, 1989 as the Second Amended Complaint
 
 
 [2]
 Frye alleges that the acts of defendants resulted in contiuing harm after his release from prison because his housing situation, financial condition, emotional well-being, and family relations were affected adversely. These effects are not cognizable as continuing violations for statute of limitations purposes
 
 
 [3]
 The district court also dismissed the amended complaint on the ground that Frye had not properly served certain defendants. Because we affirm the dismissal of the action on the merits, we do not reach this issue