Jackie KING, et al.,
Plaintiffs-Appellants,

v.

Mitri MASSARWEH, et al.,
Respondents-Appellees.

No. 84–1619.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 20, 1985.

Decided Feb. 11, 1986.

Paul Wartelle, Arnold Ellis, Timothy E. Morgan, San Francisco, Cal., for plaintiffs-appellants.

George Agnost, City Atty., Philip S. Ward, Elizabeth G. Leavy, Carroll, Burdick & McDonough, San Francisco, Cal., for respondents-appellees.

Before CHOY, Senior Circuit Judge, HUG, and SCHROEDER, Circuit Judges.

CHOY, Senior Circuit Judge:

This appeal concerns the applicability of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), to Section 1983 claims arising from Fourth Amendment violations. The district judge dismissed the appellants' Section 1983 claims against the appellees Massarweh and the police officers. We affirm the dismissal as to Massarweh and reverse the dismissal as to the police officers.

## I. BACKGROUND

Appellants King, Beittel, Toumey, Kirchner, Ellis and Labo were residing in and claiming tenancy rights to apartments owned by appellee Massarweh. Following a rent dispute with the appellants, Massarweh called the police. When police officers Bosshard and Dutto arrived, Massarweh told them that at least some of the appellants did not belong on the premises. The officers arrested King and her fellow appellants for criminal trespass, searched the apartments, and seized some of the appellants' personal items, including, allegedly, marijuana. On the advice of the police officers, Massarweh changed the locks to the apartments the appellants were occupying. The appellants were incarcerated for up to two days, then released. No one was charged.

The appellants sued Massarweh, the police officers and the City of San Francisco in federal court under 42 U.S.C. § 1983 (1981) alleging fourth and fifth amendment violations. The district court dismissed the action, apparently because it found that adequate state remedies existed and that no practice or pattern of violation of rights existed. King and the other appellants appeal.

## II. DISCUSSION

### A. *Parratt* as a Bar to Section 1983 Actions

1. Due Process Violations

A Section 1983 cause of action does not exist for a random, unauthorized deprivation of liberty or property where adequate post-deprivation procedures are available under state law. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). *See also Haygood v. Younger*, 769 F.2d 1350, 1356 (9th Cir.1985) (en banc) (due process violations should focus not on

whether property rights are violated, but on the gravity of the violation). The Supreme Court has overruled *Parratt v. Taylor*'s holding that negligent deprivations of property implicate due process interests. *Daniels v. Williams*, —— U.S. ——, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

Here, the appellants allege that they were deprived of liberty because they were taken into custody for up to two days and because personal property was taken from their apartments. However, there has been no showing that these deprivations occurred as a result of deliberate, non-random state processes.

■ Due process requires the state to provide a hearing "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). When the tortious loss of property is the result of a random, unauthorized act by a state employee, and not the result of some established state procedure, the state cannot provide a meaningful hearing before the deprivation takes place. *Parratt*, 451 U.S. at 541, 101 S.Ct. at 1916. Thus, post-deprivation proceedings are sufficient to meet due process standards. *Id.* This analysis is applicable even where random deprivations of property by an individual state employee acting without authorization is intentional. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984).

■ The conduct of the defendant police officers here appears to have been random and unauthorized.[1] The officers acted in response to Massarweh's call. They did not act in accordance with established state procedures but instead acted in violation of police procedures promulgated by the San Francisco Police Department. *Cf. Piatt v. MacDougall*, 773 F.2d 1032 (9th Cir.1985) (en banc) (*Parratt* inapplicable to deliber- ate, prescribed conduct by state officials, acting under authority of state procedures, regulations or directives); *Haygood v. Younger*, 769 F.2d 1350 (9th Cir.1985) (en banc) (injury resulting from operation of state law, regulation or institutionalized practice not random or unauthorized). Under *Parratt* and *Hudson*, the appellants are relegated to the post-deprivation remedies available through the civil tort law process for their due process claims.

2. Fourth Amendment Violations

■ While *Parratt* may bar the appellants' due process claims, it does not foreclose their other constitutional claims. *Parratt* does not apply to plaintiffs claiming direct violation of their substantive constitutional rights, as distinct from their due process rights. *Robins v. Harum*, 773 F.2d 1004, 1008 (9th Cir.1985). *See Parratt*, 451 U.S. at 536, 101 S.Ct. at 1913; *McKenzie v. Lamb*, 738 F.2d 1005, 1011 (9th Cir.1984); *Palmer v. Hudson*, 697 F.2d 1220, 1225 (4th Cir.1983), *reversed on other grounds, sub nom Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). *See generally*, Smolla, *The Displacement of Federal Due Process Claims by State Tort Remedies*, 1982 Univ.Ill.L. Rev. 831, 863 (1982) (arguing that *Parratt* should not apply to federal law other than due process clause).

■ Moreover, where plaintiffs allege violation of substantive constitutional rights apart from due process rights, availability of state remedies is immaterial. *Monroe v. Pape*, 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961), *overruled on other grounds, Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, the district court's reliance on *Parratt* in its dismissal of the appellants' Section 1983 action for violation of fourth amendment rights was reversible error.

1. This court has determined that a conspiracy to prosecute maliciously is not random conduct for purposes of applying *Parratt*. *See Bretz v. Kelman*, 773 F.2d 1026 (9th Cir.1985) (en banc). However, since the appellants have not properly raised the issue, we do not address whether a conspiracy between Massarweh and the police officers to have the appellants arrested for trespass in order to avoid civil eviction proceedings would give rise to a cause of action under Section 1983.

■ The appellants alleged facts sufficient to establish a fourth amendment violation. The officers did not contend that they obtained either a search or an arrest warrant. They did not consistently contend below that their intrusion into a landlord-tenant dispute gave them probable cause to arrest the appellants. The police report itself mentions seizure of "indicia of residency." The appellants allege that the police arrested appellants King and Beittel so hastily that their offers to produce rent receipts to show that they were not trespassers were ignored.

The appellants did not consent to the officers' entry or subsequent conduct. The appellants alleged that the officers removed valuable items of personal property from the apartments. Each of the appellants was imprisoned for "up to two days," by the officers' own admission. Moreover, the police did not argue that exigent circumstances exempted their arrests, searches and seizures from the usual requirements of probable cause and a warrant. Officer Dutto admitted that appellant Kirchner was arrested later in the day than the other appellants, negating inferences that exigent circumstances existed.

The allegations establish a claim for violation of the appellants' fourth amendment rights. *See e.g., Welsh v. Wisconsin,* 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984) (a warrantless night entry into a home to arrest the occupant for violation of a nonjailable traffic offense violates the arrestee's fourth amendment rights); *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) (a police officer may not, absent exigent circumstances, enter a private residence without a warrant to make a felony arrest).

■ The arrests for criminal trespass in this case provide weak justification for the defendant officers' entry into the apartments. *See Welsh,* 104 S.Ct. at 2099, and cases cited therein ("[I]t is difficult to conceive of a warrantless home arrest that would not be unreasonable under the Fourth Amendment when the underlying offense is extremely minor."). The criminal trespass alleged against the plaintiffs was "extremely minor." An unlawful arrest accompanied by seizure of property itself may establish a Section 1983 claim. *See McKenzie v. Lamb,* 738 F.2d 1005 (9th Cir.1984).

Furthermore, the appellants pleaded that they had been illegally detained for up to two days following the arrests. Detention of a plaintiff for 42 hours after a warrantless arrest without giving him a probable cause hearing before a magistrate has been held to be a separate, independent ground for Section 1983 liability. *See Llaguno v. Mingey,* 763 F.2d 1560, 1568 (7th Cir.1985) (en banc); *see also Gerstein v. Pugh,* 420 U.S. 103, 114, 95 S.Ct. 854, 863, 43 L.Ed.2d 54 (1975) ("Once the suspect is in custody, however, the reasons that justify dispensing with the magistrate's neutral judgment evaporate.").

■ Because material issues of fact are disputed, summary judgment for the officers was inappropriate. *Ramirez v. National Distillers and Chemical Corp.,* 586 F.2d 1315, 1318 (9th Cir.1978) (standard of review).

### B. Section 1983 Liability of the Landlord

In support of their Section 1983 claim against landlord Mitri Massarweh the appellants rely on *Howerton v. Gabica,* 708 F.2d 380 (9th Cir.1983). In *Howerton,* this court stated that "a single request for the police to perform their peace-keeping functions may not be sufficient to make a landlord a 'joint actor' with the state for section 1983 purposes," *id.* at 385, but found that, based upon the record as a whole, the Gabicas, through their ongoing relationship with the police officer who was also a tenant of theirs, "cloaked themselves with the authority of the state in effecting repossession of the trailer premises." *Id.*

■ However, the issue here is not whether the landlord acted "under color of state law," but whether the landlord's actions proximately caused the appellants' injury. The appellants' injuries here were

clearly the result of state action. State police officers arrested the appellants and searched their apartments. The question is whether landlord Massarweh is sufficiently connected with the clear state action in this case to have caused these acts to occur within the meaning of section 1983. *Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir.1981).

Under similar circumstances, this court has determined that, absent some showing that a private party had some control over state officials' decision to arrest a person or search his residence, the private party did not proximately cause the injuries stemming from the arrest and search. *Arnold v. International Business Machines*, 637 F.2d at 1356. In *Arnold*, the plaintiff sought Section 1983 damages against IBM for its involvement in a state investigation that led to a search of his residence, his arrest, and indictment. IBM had supplied information to state authorities concerning possible criminal activity related to leaks of trade secrets. In addition, IBM provided the State task force with money for expenses incurred in the course of the investigation and supplied witnesses to testify before the grand jury. This court determined that although the state action would not have occurred "but for" IBM's involvement, absent some showing that IBM had control over the task force in its decision to search the plaintiff's residence, arrest, or indict him, IBM did not proximately cause Arnold's injuries. Here, Massarweh's involvement with the police is even more attenuated. Massarweh's sole act was to call the police. Nothing in the record indicates that Massarweh exerted any control over the officers' decision to search appellants' apartments or to arrest the appellants. On the facts alleged by the appellants, Massarweh sought the appellants' removal as trespassers, but the police conduct that allegedly violated the plaintiffs' Fourth Amendment rights took place on the officers' own initiative.

## III. CONCLUSION

Massarweh sought the appellants' removal, not their arrests. In evading Cali-

fornia civil eviction procedures, he was arguably a cause of deprivation of the appellants' property without due process of law. But *Parratt* directs the appellants to state court for such wrongs. As for the Fourth Amendment claims that survive *Parratt*, Massarweh was not a legal cause. For these reasons, we affirm the dismissal as to Massarweh and reverse the dismissal as to the police officers

AFFIRMED in part, and REVERSED and REMANDED in part.