872 F.2d 428
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Tony A. LUCA, Plaintiff-Appellant,
v.
PIMA COUNTY ADULT DETENTION CENTER, Defendant-Appellee.
Tony A. LUCA, Plaintiff-Appellant,
v.
Debbie J. GRIFFIN, et al Defendants-Appellees.
 Nos. 87-15078, 88-1773.
 United States Court of Appeals, Ninth Circuit.
 Submitted* Feb. 10, 1989.
Decided March 10, 1989.
 Before GOODWIN, Chief Judge, and ALARCON and NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff-Appellant Tony A. Luca appeals pro se from two district court orders, in which four separate 42 U.S.C. Sec. 1983 claims were dismissed. In Arizona, the district judge dismissed two Sec. 1983 claims against Pima County prison officials. The first claim was that prison officials tampered with Luca's mail in violation of his Fourth Amendment right to privacy. The second claim was that prison officials threatened and harassed Luca for taking legal action against them, thereby violating his Fourteenth Amendment due process right of meaningful access to the courts. Because Luca's allegations were conclusory in nature and contained no supporting factual basis, the district court dismissed them with prejudice according to Ivey v. Board of Regents, 673 F.2d 266 (9th Cir.1973). We affirm.
 
 
 3
 In the Eastern District of California, the district judge dismissed, with prejudice, Luca's Sec. 1983 claims against Debbie Griffin and Kern County California Sheriff's Deputy David McNutt. There is no evidence in the record that these parties were ever notified of an action against them or that jurisdiction was ever acquired. We affirm the dismissal with prejudice of Luca's claim against Debbie Griffin. We also note that she is not a state actor for purposes of Sec. 1983, and was not acting in concert with state actors when she accused Luca of child molesting. See King v. Massarweh, 782 F.2d 825, 829 (9th Cir.1986) (private party must have control over official decisions in order to be liable for any injuries stemming from an arrest).
 
 
 4
 Regarding Luca's claims against Deputy McNutt, we do not reach the merits of any potential Fifth Amendment violations, since we have no jurisdiction over the claims. We dismiss the action without prejudice.
 
 
 5
 AFFIRM IN PART AND AFFIRM AS MODIFIED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3