963 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James BRONSON, Jr., Plaintiff-Appellant,
v.
CITY OF BERKELEY, et al., Defendant-Appellee.
 No. 91-15508.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1992.
Decided May 15, 1992.
 
 Before FLETCHER, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Bronson, Jr. appeals the district court's judgment in favor of defendants in his suit under 42 U.S.C. § 1983. We affirm.
 
 
 3
 * Bronson's suit arose from his encounter with several Berkeley police officers on the evening of December 11, 1988. Officer William Deu testified that while he was in the parking lot of the Bel Air Motel, he heard a "blood-curdling" scream come from a motel room. Deu said he approached the room to make sure no one had been injured either through an accident or violence.
 
 
 4
 Bronson answered the door, but would not allow Deu to check inside the room. Other officers arrived after hearing Deu's description of the situation over the radio. Officers testified that Bronson took off his shirt, made threatening gestures toward the officers, and made physical contact with one of the officers. Bronson was then arrested, taken to the police station, issued a citation, and released.
 
 
 5
 Bronson then filed a complaint under 42 U.S.C. § 1983 against various officers, the City of Berkeley, the Bel Air Motel, and the motel's owner Jesse Ling. The district judge dismissed the counts against the motel and Ling for failure to state a claim upon which relief could be granted. After a trial, the court entered judgment in favor of the remaining defendants. Bronson filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 II
 
 6
 Bronson first argues that the district judge erred by dismissing the counts against Ling and the Bel Air Motel. We review the dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1990). "Dismissal is improper unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Id. (citations omitted).
 
 
 7
 Bronson did not allege that anyone connected to the motel "had some control over [the police officers'] decision to arrest [him] or search his residence." King v. Massarweh, 782 F.2d 825, 829 (9th Cir.1986). Such an allegation would be at odds with the gist of his complaint, which essentially alleged a plot by the police to harass him.
 
 
 8
 Accordingly, Bronson did not state a valid § 1983 claim against Ling or the motel and the counts against them were properly dismissed.
 
 III
 
 9
 Bronson claims that the district court erroneously applied the law in concluding that the police officers did not violate his right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments.
 
 
 10
 We review a district court's conclusions of law de novo, although we accept any factual findings unless they are clearly erroneous. See Rozay's Transfer v. Local Freight Drivers, Local 208, 750 F.2d 1321, 1326 (9th Cir.1988), cert. denied, 490 U.S. 1030 (1989); Fed.R.Civ.P. 52(a).
 
 
 11
 * Bronson claims the officers unconstitutionally searched his motel room. The district court found that Deu heard loud screams coming from the room and investigated because he believed someone in the room might be in danger. The court found that Deu and the other officers "took a brief look around the interior of the room to ascertain whether everyone inside was alright." These findings of fact are supported by the testimony in the record and are not clearly erroneous.
 
 
 12
 Police may make "warrantless entries and searches" without violating the Fourth Amendment "when they reasonably believe that a person within is in need of immediate aid." Mincey v. Arizona, 437 U.S. 385, 392 (1978). "Where there is probable cause to believe someone is being beaten, there clearly are exigent circumstances justifying immediate entry." Hopkins v. City of Sierra Vista, 931 F.2d 524, 527 (9th Cir.1991).
 
 
 13
 A "blood-curdling" scream is basis for a reasonable belief that someone may need immediate aid. The district judge found as a fact that there was such a scream and that the officers searched no longer than necessary to determine that no one needed assistance. Accordingly, the officers did not violate the Fourth Amendment by their brief search of the motel room.
 
 B
 
 14
 Bronson claims the officers violated the Fourth Amendment when they arrested him for assaulting a police officer. The district judge found as a matter of fact that:
 
 
 15
 [T]he officers were confronted by an individual who openly exhibited a physically hostile attitude towards them. Plaintiff went so far as to remove his shirt as if to show the officers that he intended to engage in physical contact with them; and then made a move toward the officers which resulted in physical contact.
 
 
 16
 The officers thus were reasonable in believing that Bronson had committed an assault in violation of Cal.Penal Code § 241.
 
 
 17
 As discussed above, exigent circumstances justified the officers' entry into the motel room. Exigent circumstances also justified the arrest of Bronson without a warrant because an assault on a police officer clearly shows that there was a "substantial risk of harm ... to the law enforcement process" if Bronson was not arrested immediately for an assault on a police officer investigating an incident in his motel room. United States v. Al-Azzawy, 784 F.2d 890, 894 (9th Cir.1985) (citations omitted), cert. denied, 476 U.S. 1144 (1986). Accordingly, the police did not violate Bronson's Fourth Amendment rights when they arrested him without a warrant.
 
 IV
 
 18
 Bronson claims that the police action violated his First Amendment rights. He did not make such a claim in the district court proceedings other than a statement in his closing argument that the police "had no business violating my First and Fourth Amendment rights."
 
 
 19
 The issue was not raised in any of his pleadings before the district court. His brief mention of the First Amendment during his closing argument was not a proper method to raise the issue before the district court. See Fed.R.Civ.P. 8 (setting forth general rules of pleading).
 
 
 20
 We do not review issues not raised below unless the proponent can show exceptional circumstances as to why the issue was not properly raised below. See International Union of Bricklayers v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985). Bronson has not shown any extraordinary circumstances to excuse his failure to properly raise the issue below. We therefore decline to consider it on appeal.
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3