21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward Dennis REMBERT, Plaintiff-Appellant,
v.
Charles P. LITTLEHALES; Patrick Flaherty; Vincent Deguc;
Dennis Wine; Merle Wine; et al., Defendants-Appellees.
 No. 93-35706.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 12, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oregon state prisoner Edward Dennis Rembert appeals pro se the district court's dismissal of his action under 42 U.S.C. Secs. 1983, 1985, 1986, and 1988 against Oregon state judge Charles P. Littlehales, district attorney Patrick J. Flaherty, notary publics Merle I. Wine ("Wine") and Amy L. Chisman ("Chisman"), his son-in-law Jack W. Crider ("Crider"), and others. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 This court reviews for abuse of discretion a district court's sua sponte dismissal under 28 U.S.C. Sec. 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Under section 1915(d), a district court may dismiss an in forma pauperis complaint before service of process if the court is satisfied that the action is frivolous. Id. at 1730-31. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In civil rights cases involving a pro se litigant, the court must construe the pleadings liberally, affording the litigant the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). If the litigant has an arguable claim, he is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 4
 Prior to this action, Rembert brought an action in the same district court against the same defendants with the exception of Wine, Chisman, and Crider. See Rembert v. Littlehales, No. CV-92-566FR (D.Or.1992). In his previous complaint, Rembert alleged that the defendants conspired to deprive him of his father's estate and to prosecute him for forgery. The district court dismissed Rembert's action for failure to state a claim. See id.
 
 
 5
 After reviewing Rembert's present complaint, we are unable to conclude that his action has an arguable basis either in law or in fact. See Neitzke, 490 U.S. at 325. In this action, Rembert again alleged that the defendants conspired to deprive him of his father's estate and to prosecute him for forgery. Thus, Rembert's action against all of the defendants except Wine, Chisman, and Crider is barred by the doctrine of res judicata because his earlier action resulted in a final decision on the merits and involved the same claims against the same defendants. See Montana v. United States, 440 U.S. 147, 153 (1979) (final judgment on the merits precludes party from relitigating same claim against same party); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984) (action barred by res judicata can be dismissed under section 1915(d)).
 
 
 6
 As to Wine, Chisman, and Crider, there is no arguable basis for Rembert's action against them in federal court. See Neitzke, 490 U.S. at 325. First, Rembert alleged that Wine and Chisman conspired to deprive him of his inheritance by (1) forging his father's signature on the will, (2) falsely affixing the witnesses' signatures to the will, (3) notarizing a forged will, and (4) thereafter, concealing their conduct.[1] Rembert's allegations concerning Wine and Chisman's conduct cannot be construed to constitute a section 1983 claim. See West v. Atkins, 487 U.S. 42, 48 (1988) (section 1983 claimant must allege: (1) a person acting under color of state law committed the conduct, and (2) the conduct deprived claimant of right secured by the Constitution or federal laws). To the extent that Rembert alleged Wine and Chisman deprived him of the property of his father's estate, there was no due process violation because Rembert was afforded a post-deprivation hearing in the form of a state probate proceeding. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); King v. Massarweh, 782 F.2d 825, 826-27 (9th Cir.1986) (no section 1983 action for random unauthorized deprivations of property where adequate post-deprivation procedures available). Moreover, even assuming that Wine and Chisman violated a duty arising under state tort law, section 1983 does not impose liability for such a violation. See DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 202 (1989).
 
 
 7
 Second, Rembert's allegations concerning the actions of Crider do not provide a basis to find that Crider, a private citizen, acted under color of state law. See West, 487 U.S. at 48. Rembert alleged that Crider (1) unduly influenced Rembert's father, deliberately "expedited" Rembert's father's death, and forged Rembert's father's will, and (2) conspired to deprive Rembert of his share of the estate and to bring false criminal charges against him. Although Rembert alleged that Crider conspired with state officials, he did not allege facts indicating that Crider somehow controlled state officials' conduct and thus, proximately caused Rembert's injuries, see King, 782 F.2d at 828-29, or that state officials failed to use independent judgment or were coerced by Crider to effect Rembert's conviction. See Collins v. Womancare, 878 F.2d 1145, 1156 (9th Cir.1989), cert. denied, 493 U.S. 1056 (1990).
 
 
 8
 Because the allegations in Rembert's complaint do not provide an arguable legal or factual basis for Rembert's action in federal court, the district court did not abuse its discretion by dismissing the action as frivolous. See Denton, 112 S.Ct. at 1734; Neitzke, 490 U.S. at 325.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rembert also alleged that Wine and Chisman were "engaged in an Enterprise to obtain Economic Benefit by Manufacturing Forged, or Fraudulently Executed Wills," and that such conduct was "part of a Racketeering Activity." Rembert, however, has not alleged conduct on the part of Wine and Chisman which constitutes "racketeering activity" or "a pattern of racketeering activity" prohibited under the Racketeer Influenced and Corrupt Organizations Act. See 18 U.S.C. Secs. 1961(1), (5), 1962