24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Bonnie METCALF, Michael Mays; Robert Mitchell, a minor,
through his guardian ad litem Bonnie Metcalf,
Plaintiffs-Appellants,
v.
COUNTY OF SUTTER, a political subdivision of the State of
California; Ray Algernon Gordon, Defendants-Appellants.
 No. 92-16712.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1994.
Decided May 2, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bonnie Metcalf, her son Robert Mitchell, and Michael Mays appeal the district court's summary judgment in favor of Sutter County deputy sheriffs, a Sutter County deputy district attorney, the Sutter County Sheriff and District Attorney, the Sutter County Board of Supervisors, and Sutter County in the plaintiffs' 42 U.S.C. Sec. 1983 action. In their action, the plaintiffs alleged due process and fourth amendment violations arising out of the defendants' eviction of the plaintiffs after Metcalf's employer fired her as the live-in caretaker of his elderly mother. We affirm.
 
 
 3
 * In 1987, Ray Gordon hired Bonnie Metcalf as a live-in caretaker for his mother. He paid her a salary and all expenses. Metcalf, Metcalf's minor son, and Gordon's mother lived in one house; Gordon lived next door.
 
 
 4
 In January 1988, Michael Mays, Metcalf's friend, moved in with Metcalf with Gordon's acquiescence. Gordon hired Mays to do odd jobs.
 
 
 5
 On May 1, 1989, Gordon fired Metcalf effective May 14. The letter firing her advised that her "tenancy" would end 30 days after service of the letter. Metcalf stopped taking care of Gordon's mother on May 14. Thereafter, Gordon visited his mother every day to care for her.
 
 
 6
 At some point, Mays told Gordon that they wanted to stay as tenants, and Gordon told him that rent would be $500 per month. Gordon changed his mind about renting the house because Metcalf and her son destroyed the house after Gordon fired her.
 
 
 7
 On June 26, 1989, Gordon filed an unlawful detainer action.
 
 
 8
 On July 14, 1989, Metcalf was at home alone when Gordon opened the door with his key. Gordon testified that he tried to call on the intercom, but no one answered, and then he went over, knocked, and used his key when no one answered. Metcalf slammed the door on Gordon and locked him out. Because she had no phone, she asked a neighbor to call the police.
 
 
 9
 The police arrived, and Gordon told him that he had fired Metcalf as his mother's caretaker, that an unlawful detainer action was pending, and that he wanted Metcalf out of the house. The house was filthy, none of the lights worked, dirty dishes were piled in the kitchen, and clothes were piled in every room.
 
 
 10
 The deputies called the district attorney's office for advice. The deputy district attorney was concerned that Metcalf's continued presence at the house posed a danger to the health and welfare of Gordon's mother because Metcalf was interfering with Gordon's ability to care for his mother and she was "trashing" the house. He advised the deputies that Metcalf had no right to be on the premises.
 
 
 11
 At some point, Mays and Metcalf's son returned to the house. The deputies told them they had to leave, gave them time to gather some belongings, and told them they could call to arrange a time to pick up the rest of their things. Metcalf, her son, and Mays then left the house. They subsequently filed this law suit.[1]
 
 II
 
 12
 We affirm the district court's summary judgment on the due process claim. Even if the plaintiffs had clearly established due process rights to the state's unlawful detainer procedures, they do not have a section 1983 cause of action because adequate post-deprivation remedies are available under state law. See King v. Massarweh, 782 F.2d 825, 826-27 (9th Cir.1986).
 
 III
 
 13
 We also affirm the district court's summary judgment in favor of the defendants on the plaintiffs' fourth amendment claim.
 
 
 14
 Even if the plaintiffs have an arguable fourth amendment claim, see Soldal v. Cook County, 113 S.Ct. 538, 541-48 (1992), and even if Metcalf's status as a terminated ex-employee entitled her to the benefit of California's unlawful detainer procedures, see Cal.Code Proc.Code Sec. 1161(1), the officials reasonably could have believed that Metcalf posed a threat to Mrs. Gordon's safety because she continued to share the house with her. This concern was supported by the condition of the house and the souring relationship between Metcalf and Gordon. Accordingly, the deputies and deputy district attorney are entitled to qualified immunity. See Baker v. Racansky, 887 F.2d 183, 187 (9th Cir.1989).
 
 IV
 
 15
 We also reject the plaintiffs' Monell and inadequate training claims against the County and the individual defendants' supervisors. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978); City of Canton v. Harris, 489 U.S. 378, 387-92 (1989).
 
 
 16
 First, the plaintiffs did not establish that the deputies violated their constitutional rights, and thus their claims against the supervisors also fail. Second, even if the deputies arguably violated the plaintiffs' constitutional rights, the plaintiffs' evidence regarding inadequate training on evictions does not establish a claim. Better training would not have covered situations such as this one, where there was no clear right course of police conduct. Accordingly, the training deficiency did not cause any constitutional injury, and the supervisors are not liable under section 1983. City of Canton, 489 U.S. at 387-92.
 
 V
 
 17
 Because the district court dismissed the federal claims before trial, it did not abuse its discretion by dismissing the pendent state claims without prejudice. See Cook, Perkiss & Liehe v. Northern Cal. Collection Serv., 911 F.2d 242, 247 (9th Cir.1990).
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In August 1989, the county court entered judgment in favor of Gordon in the unlawful detainer action because Metcalf did not appear