48 F.3d 1227
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert J. FOTI, Plaintiff-Appellant,
v.
John GRAHAM; William Lamb, Judge; Galen Hathaway, Judge;
Randolph E. Heubach; Jerry Herman; James Conway, Deputy
District Atty.; Pamela Bousquet, Deputy District Atty.;
Laurie J. Mintz, Deputy District Atty.; John Posey, Deputy
District Atty.; Rosemary Slote, Deputy District Atty.;
John P. Montgomery, Clerk of Court; A.A. Pierce; Richard
Pisciotta; Stuart Cowan; Christopher Kauper; Eric Huot,
Defendants-Appellees.
 No. 94-15923.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 22, 1995.
 
 IN PART VACATED AND REMANDED IN PART.
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 MEMORANDUM**
 Robert J. Foti appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal of his 42 U.S.C. Sec. 1983 action challenging his arrest and conviction for driving with a suspended license and resisting arrest. We review for abuse of discretion the district court's dismissal of a case as frivolous under section 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm in part, and vacate and remand in part.
 Foti's complaint alleged that (1) defendants lacked probable cause for his arrest, (2) he was denied due process during his criminal proceedings, (3) defendants were liable for malicious prosecution, and (4) that as a result of defendants' actions, he suffered damage to his person and property. Foti sought damages and to have his criminal conviction vacated.
 
 
 1
 First, Foti's claims for malicious prosecution and denial of due process are not cognizable because Foti has failed to demonstrate that his conviction has been invalidated or otherwise called into question. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Second, Foti's claim that his arrest was unlawful would require him to negate elements of the offense of which he was convicted. Id. at 2372 n. 6. Accordingly, Foti's claim of false arrest is also barred under Heck. We affirm the district court's dismissal of these claims, but vacate and remand so that the dismissal may be entered without prejudice. This would allow Foti to bring another in forma pauperis action should he demonstrate that his conviction has been overturned or otherwise invalidated. See Heck, 114 S.Ct. at 2372.
 
 
 2
 Third, to the extent that Foti alleged a claim for deprivation of property without due process, we find no abuse of discretion in the district court's dismissal of this claim because Foti's complaint failed to indicate what property had been deprived, in what manner it was deprived, and whether the deprivation was anything other than random and unauthorized. See Zimernon v. Burch, 494 U.S. 113, 132 (1990) (where state cannot foresee deprivation, common law tort remedy for erroneous deprivation may satisfy due process); King v. Massarweh, 782 F.2d 825, 826 (9th Cir.1986) (availability of state tort action precludes relief under section 1983). The district court's dismissal of this claim without prejudice allows Foti to pursue a tort remedy in state court. See id.
 
 
 3
 Finally, to the extent that Foti sought to have his conviction overturned, the district court properly construed the claim as a habeas petition. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681-82 (9th Cir.1984). We find no abuse of discretion in the district court's dismissal without prejudice of Foti's habeas claim because Foti had failed to show that he was in custody at the time he filed his action, see Carafas v. LaVallee, 391 U.S. 234, 238 (1968), or that he had exhausted his state habeas remedies, see Rose v. Lundy, 455 U.S. 509, 522 (1982).[1]
 
 
 4
 AFFIRMED in part VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny Foti's motion to strike portions of the appellees' briefs