98 F.3d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles E. CASHAW, Plaintiff-Appellant,
v.
William L. CALLAHAN, Superintendent, MICC; Rosemary
Rouston, Records Supervisor, MICC, Defendants-Appellees,
and
Indeterminate Sentence Review Board, Defendant.
 No. 95-35240.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 9, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles E. Cashaw, a Washington state prisoner, appeals the district court's Fed.R.Civ.P. 12(b)(6) dismissal for failure to state a claim concerning defendants Callahan and Routson in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's dismissal for failure to state a claim de novo. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990). We may affirm on any grounds supported by the record. Granite State Ins. Co. v. Smart Modular Techs., Inc., 76 F.3d 1023, 1026 (9th Cir.1996). We affirm.
 
 
 3
 To state a section 1983 claim, a plaintiff must allege facts showing that a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir.1991). The complaint must allege that specific conduct by the defendants was the proximate cause of the section 1983 injury. King v. Massaweh, 782 F.2d 825, 829 (9th Cir.1986).
 
 
 4
 Here, Cashaw's complaint failed to identify with particularity the specific acts of Callahan or Routson which caused a deprivation of his constitutional rights. See id. The consideration of the attachments to Cashaw's complaint does not change this analysis. See Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir.1990). Accordingly, we affirm the district court's dismissal of Cashaw's action for failure to state a claim. See Balistreri, 901 F.2d at 699.
 
 
 5
 Cashaw's request for attorney fees and costs is denied.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Cashaw's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal