119 F.3d 6
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark LARUE, Plaintiff-Appellant,
v.
Jim BLODGETT, Deputy Director; L. Wrinkle, Mail Room
Officer, Defendants-Appellees.
 No. 96-35658.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1997.**
Decided July 22, 1997.
 
 Appeal from the United States District Court for the Eastern District of Washington, No. CV-96-03055-AAM; Alan A. McDonald, District Judge, Presiding.
 Before REINHARDT and THOMAS, Circuit Judges, and SEDWICK, District Judge.***
 MEMORANDUM*
 Mark LaRue, a Washington state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint. LaRue alleged that prison officials violated his First and Fourteenth Amendment rights by confiscating his Playboy magazines for February and March of 1996. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.
 The district court dismissed LaRue's complaint as frivolous under 28 U.S.C. § 1915(d). On April 26, 1996, the Prison Litigation Reform Act of 1996 ("the Act"), Pub.L. No. 104-134, 110 Stat. 1321, was signed into law.[1] Under the Act, section 1915(d) was redesignated section 1915(e). Section 1915(e)(2) applies to prisoner proceedings in forma pauperis and requires us to dismiss an appeal sua sponte at any time if the case is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. See Marks v. Solcum, 98 F.3d 494, 495 (9th Cir.1996). Accordingly, we apply the provision in this case.
 To state a section 1983 claim, a plaintiff must allege facts showing that a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir.1991). The complaint must allege specific conduct by the defendants that was the proximate cause of the section 1983 injury. King v. Massarweh, 782 F.2d 825, 829 (9th Cir.1986).
 In his amended complaint, LaRue alleges that the named prison officials violated his First and Fourteenth Amendment rights by confiscating two issues of Playboy magazine pursuant to a prison policy that prohibits "sexually explicit" material. La Rue further alleges that the prison policy is arbitrarily enforced as he and other prisoners have generally been allowed to receive Playboy magazine as well as other more "explicit" publications such as Hustler magazine. The facts alleged by LaRue are sufficient to state a section 1983 claim. See Harper v. Wallingford, 877 F.2d 728, 733 (9th Cir.1989) (stating that to justify a content-based prison regulation, a prison must show that the restricted material poses a threat to a legitimate penological interest and is not "so remote as to render the policy arbitrary or irrational"). Accordingly, we reverse the district court's decision and remand the matter for further proceedings.
 REVERSED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 LaRue's notice of appeal was filed in district court on June 13, 1996