**Richard B. CAGADAS, Plaintiff— Appellant,**

v.

**Ric ESPINOZA, individually and in his official capacity as Unit 2 Supervisor Region I; et al., Defendants—Appellees,**

and

**James Gomez, Defendant.**

No. 01–16846.

D.C. No. CV–96–01769–DFL.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 16, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM **

Richard Cagadas appeals pro se the district court's grant of summary judgment in his 42 U.S.C. § 1983 action alleging violation of his constitutional rights stemming from the seizure of various personal items incident to his arrest for violation of parole. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and affirm.

The district court properly granted summary judgment to the four parole agents on Cagadas' claim that he was denied due process when his personal property was seized and not returned because there is an adequate state post-deprivation remedy. *See Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Barnett,* 31 F.3d at 816 (holding that California law provides an adequate post-deprivation remedy). We have previously held that California's civil tort law is the proper vehicle for recovery when defendants allegedly did not comply with regulations regarding the inventory of seized property. *See King v. Massarweh,* 782 F.2d 825, 827 (9th Cir.1986); *see also Lake Nacimiento Ranch Co. v. County of San Luis Obispo,* 841 F.2d 872, 880 n. 7 (9th Cir.1988) (discussing California's equitable tolling of the statute of limitations and concluding state claim would not be barred

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

where plaintiff, in good faith, erroneously sought relief in a 42 U.S.C. § 1983 action).

Cagadas has waived his challenge to the district court's grant of summary judgment to defendant Wagner by failing to offer a specific and distinct argument in his opening brief. *See Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir.1994).

Cagadas' remaining contentions lack merit.

We deny Cagadas' ex parte motion to correct filing fees.

**AFFIRMED.**