**Thomas William ABNEY, Plaintiff–Appellant,**

v.

**Christine I. TREVINO; et al., Defendants–Appellees.**

No. 02–55975.

D.C. No. CV–01–02229–JTM.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 14, 2003.

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

## MEMORANDUM**

California state prisoner Thomas William Abney appeals pro se the district

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court's judgment dismissing his 42 U.S.C. § 1983 action, which alleged illegal search and seizure, due process violations, and an unconstitutional taking. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *see Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000), and we affirm in part, reverse in part, and remand.

Abney alleged that defendants Trevino and Richardson illegally searched and seized property beyond the scope of a search warrant, and that none of the seized property was introduced into evidence at trial. The district court erred by dismissing this claim because on the record before us a judgment in Abney's favor on this claim would not necessarily imply the invalidity of his conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Contrary to Abney's contention, the existence of an adequate, state post-deprivation procedure may satisfy due process where the deprivations are alleged against government officials who are not prison officials. *See, e.g., King v. Massarweh*, 782 F.2d 825, 826–27 (9th Cir.1986) (post-deprivation remedy applicable where police officers allegedly deprived tenants of their property).

Abney contends that the state post-deprivation procedure is insufficient to satisfy due process because the alleged actions causing the deprivation were a predictable abuse of defendants' positions. *See Zinermon v. Burch*, 494 U.S. 113, 136–38, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). This contention lacks merit because Abney's complaint alleged random and unauthorized conduct. *See Hudson v. Palmer*, 468 U.S. 517, 520, 532–33, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

Abney's remaining contentions lack merit.

Accordingly, we reverse the dismissal of Abney's illegal search and seizure claim against Trevino and Richardson and remand for further proceedings as to those claims. We affirm the district court's judgment in all other respects.

We deny Abney's motion for oral argument filed September 23, 2003.

Each party to bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**