Patricia A. **LONG** and Amaris J. Long, **Plaintiffs–Appellants,**

v.

**PEND OREILLE COUNTY SHERIFF'S DEPARTMENT; et al., Defendants–Appellees.**

No. 06–35969.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.[*]

Filed March 12, 2008.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Patricia A. Long, Newport, WA, pro se.

Amaris J. Long, Newport, WA, pro se.

Christopher J. Kerley, Esq., Edward J. Bruya, Esq., Matthew W. Daley, Esq., Keefe, King & Bowman, Michael L. Wolfe, Esq., Randall & Danskin, P.S., Spokane, WA, for Defendants-Appellees.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

---

** This disposition is not appropriate for publication and is not precedent except as provid-

MEMORANDUM **

Patricia A. Long and Amaris J. Long appeal pro se from the district court's summary judgment for defendants in their 42 U.S.C. § 1983 action alleging excessive force, false arrest, and destruction of property. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Edgerly v. City & County of San Francisco,* 495 F.3d 645, 658 (9th Cir.2007). We affirm in part and reverse in part.

Patricia Long testified that a Sheriff's Department official hurt her shoulder when he forcefully lifted her arm behind her back at an unusual angle after arresting her for criminal trespass. She also testified that the official injured her thumb while handcuffing her, and she later required surgery for the injury. There is no indication in the record that she posed a risk to anyone's safety or that she resisted arrest.

■ Taking the facts in the light most favorable to the Longs, a reasonable jury could find that the official used an unreasonable amount of force under the circumstances of this case. *See Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (explaining that the test of reasonableness under the Fourth Amendment requires "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."); *Meredith v. Erath,* 342 F.3d 1057, 1061 (9th Cir.2003) (reversing summary judgment on excessive force claim where plaintiff posed no safety risk and made no attempt to actively resist arrest by a law enforcement offi-

ed by 9th Cir. R. 36–3.

cial who was investigating nonviolent offenses); *Hansen v. Black,* 885 F.2d 642, 645 (9th Cir.1989) (reversing summary judgment for defendant law enforcement officials, because they unreasonably injured plaintiff's wrist and arm as they handcuffed her, and plaintiff sought medical attention for the injuries). Accordingly, we reverse the district court's summary judgment with respect to appellants' excessive force claim.

■ Appellants abandoned their false arrest claim by failing to raise it in their opposition to summary judgment. *See Jenkins v. County of Riverside,* 398 F.3d 1093, 1095 n. 4 (9th Cir.2005).

The district court properly granted summary judgment to defendants on the Longs' deprivation of property claim, because they did not contend that the post-deprivation remedy available to them was inadequate. *See King v. Massarweh,* 782 F.2d 825, 827 (9th Cir.1986).

■ Appellants' argument regarding ineffective assistance of counsel fails because plaintiffs have no constitutional right to effective assistance of counsel in a civil action. *See Nicholson v. Rushen,* 767 F.2d 1426, 1427 (9th Cir.1985) (per curiam).

Appellants' remaining contentions lack merit.

Each party shall bear its costs on appeal.

We reverse and remand the excessive force claim, and affirm on all other claims.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.