NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 8 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KERRY CLARK, | No. 18-35776 |
| Plaintiff-Appellee, | D.C. No. 6:17-cv-00033-JR |
| v. | |
| RHETT DAVIS, Police Chief in his Official Capacity, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael McShane, District Judge, Presiding

Argued and Submitted June 6, 2019
Portland, Oregon

Before: MURGUIA and HURWITZ, Circuit Judges, and GAITAN,** District
Judge.

Rhett Davis, police chief for the city of Powers, appeals the district court's

denial of summary judgment on the basis of qualified immunity in Kerry Clark's

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Fernando J. Gaitan, Jr., United States District Judge
for the Western District of Missouri, sitting by designation.

action against Davis under 42 U.S.C. § 1983. Clark contends that on July 11, 2016, Davis violated his Fourth Amendment rights by conducting a warrantless search, as well as his Fourth and Fourteenth Amendment rights by ordering Clark to leave his leased home without notice or process. Ultimately, Clark's home and its contents were destroyed in September 2016 by his landlord and other private individuals. We have jurisdiction under 28 U.S.C. § 1291. *Moran v. Washington*, 147 F.3d 839, 843 (9th Cir. 1998). We affirm in part, reverse in part, and remand.

1. Denial of qualified immunity on summary judgment is reviewed *de novo* by this Court. *Curnow v. Ridgecrest Police*, 952 F.2d 321, 323 (9th Cir. 1991). "[Q]ualified immunity shields public officials from liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Biggs v. Best, Best & Krieger*, 189 F.3d 989, 993 (9th Cir. 1999) (internal quotation marks omitted). Qualified immunity may be denied on summary judgment "only if (1) the facts alleged, taken in the light most favorable to the party asserting injury, show that the officer's conduct violated a constitutional right, and (2) the right at issue was clearly established at the time of the incident such that a reasonable officer would have understood her conduct to be unlawful in that situation." *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

2

2.     With respect to Clark's Fourth Amendment search claim, Davis is not entitled to qualified immunity because it is clearly established that an officer cannot enter a home without a warrant or other justification such as emergency or exigency, even if the landlord called the officer over a rent dispute. *King v. Massarweh*, 782 F.2d 825, 828 (9th Cir. 1986); *see also Hopkins v. Bonvicino*, 573 F.3d 752, 763 (9th Cir. 2009); *United States v. Martinez*, 406 F.3d 1160, 1163-64 (9th Cir. 2005). To the extent that Davis argues that a warrantless entry claim was not before the district court, that argument is belied by the allegations in the operative complaint.

3.     As to Clark's Fourth Amendment seizure claim related to the July 2016 order to leave the leased home, Davis is not entitled to qualified immunity because a reasonable officer would have known that such an order, made without notice or process, would constitute a "meaningful interference" in Clark's possessory interests. *Soldal v. Cook Cty., Ill.*, 506 U.S. 56, 61 (1992).

4.     In addition, Davis is not entitled to qualified immunity on Clark's Fourteenth Amendment claim related to the July 2016 order to leave the leased home, as a reasonable officer would have known that such an order, made without process or authority, would violate Clark's due process rights. *Greene v. Lindsey*, 456 U.S. 444, 456 (1982); *see also Fuentes v. Shevin*, 407 U.S. 67, 87 (1972).

3

5. However, to the extent that Clark claims Davis is responsible for the September 2016 destruction of his leased home and some personal property left inside, Davis is entitled to qualified immunity. The facts viewed in the light most favorable to Clark do not demonstrate that the destruction was caused by state action. Instead, the home was destroyed months after Davis's July 2016 actions, and Davis did not have direct involvement in its destruction. Under these facts, even assuming that the destruction of the home was unlawful, Clark has not demonstrated that the harm is attributable to the state. *See Meyers v. Redwood City*, 400 F.3d 765, 771 (9th Cir. 2005).

**AFFIRMED in part, REVERSED in part, and REMANDED.**