**FILED**

MAY 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ESTATE OF TIMOTHY GENE SMITH, by his successor in interest Wyatt Allen Gunner Smith; WYATT ALLEN GUNNER SMITH,

Plaintiffs-Appellants,

and

SANDY LYNN SIMMONS,

Plaintiff,

v.

DANIEL O. ESCAMILLA,

Defendant-Appellee,

and

SCOTT R. HOLSLAG; et al.,

Defendants.

No. 23-55074

D.C. No.
3:16-cv-02989-WQH-MSB
Southern District of California,
San Diego

ORDER

Before: WARDLAW, FRIEDLAND, and SUNG, Circuit Judges.

The memorandum disposition filed on March 14, 2024, is amended and filed concurrently with this order. With that, the panel has unanimously voted to deny the petition for panel rehearing. No future petitions for rehearing will be entertained.

**DENIED.**

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ESTATE OF TIMOTHY GENE SMITH, by his successor in interest Wyatt Allen Gunner Smith; WYATT ALLEN GUNNER SMITH,

Plaintiffs-Appellants,

and

SANDY LYNN SIMMONS,

Plaintiff,

v.

DANIEL O. ESCAMILLA,

Defendant-Appellee,

and

SCOTT R. HOLSLAG; et al.,

Defendants.

No.    23-55074

D.C. No.
3:16-cv-02989-WQH-MSB

AMENDED
MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted February 8, 2024
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WARDLAW, FRIEDLAND, and SUNG, Circuit Judges.

The Estate of Timothy Gene Smith and Wyatt Allen Gunner Smith (collectively "Appellants") appeal the district court's grant of summary judgment to Defendant Dan Escamilla in their 42 U.S.C. § 1983 action alleging conspiracy to violate and violation of their Fourth and Fourteenth Amendment rights resulting from the fatal shooting of decedent Smith at the hands of a San Diego Police Department (SDPD) officer. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      The district court properly concluded that Escamilla did not act under color of state law because "purely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." *Ouzts v. Md. Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974) (en banc).

In *Ouzts*, we held that bail bondsmen acting outside their statutory authority are private actors, not state actors. *Id.* at 553. Here, Escamilla, a bail bondsman and fugitive recovery agent, was tasked with recovering fugitive Janie Sanders pursuant to a Missouri bail bond contract. With the help of Ismael Soto, Escamilla traced Sanders and her boyfriend, decedent Smith, to the San Diego area, where they contacted the SDPD with information regarding Smith and Sanders to "have th[e] arrest effected by the police." Although California law allows bail bondsmen to arrest out-of-state fugitives if they first obtain a warrant, there is no suggestion

2

here that Escamilla and his colleagues did so. *See* Cal. Penal Code § 847.5.

Because Escamilla did not act pursuant to the power conveyed to him by statute,

*Ouzts* forecloses any contention that he himself is a state actor.[1] *See* 505 F.2d at

553.

Nor did Escamilla engage in the "substantial degree of cooperative action"

in the challenged use of deadly force by law enforcement necessary to hold him

liable pursuant to a joint action theory. *See Collins v. Womancare*, 878 F.2d 1145,

1154 (9th Cir. 1989). Escamilla and Soto contacted local law enforcement,

informing them that Smith and Sanders were armed criminals with violent histories

and urging the police to intervene. Viewing the evidence in the light most

favorable to Appellants, Escamilla and Soto exaggerated the danger Smith and

Sanders posed with the express purpose of persuading the police to recover their

targets for them. The SDPD responded in full force, and Escamilla was on the

scene for one unsuccessful search, during which he provided officers with a

photograph of Smith and Sanders. But Escamilla was not present or otherwise

---

[1] Even if Escamilla had been acting under statutory authority, Plaintiffs would also have to show that Escamilla exercised a "traditional state function." *See Collins v. Womancare*, 878 F.2d 1145, 1150-51 (9th Cir. 1989) (addressing two-part test from *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928 (1982)). Plaintiffs likely could not do so under our reasoning in *Ouzts*. *See Collins*, 878 F.2d at 1153 ("[I]n *Ouzts*, we held that a bail bondsman does not exercise a 'public function' because he 'is in the business in order to make money and is not acting out of a high-minded sense of devotion to the administration of justice'" (quoting *Ouzts*, 505 F.2d at 555)).

involved when Smith was ultimately shot and killed by an SDPD officer. Thus, he cannot "be recognized as a joint participant in the *challenged activity*," which here was the use of deadly force by law enforcement. *Id.* (emphasis added) (quotation marks omitted).

Appellants present no evidence of a preconceived plan or agreement between the bondsmen and the SDPD to use force, nor does the record demonstrate any further collaborative activity. Absent further cooperation, "complaining to the police does not convert a private party into a state actor." *Id.* at 1155. Therefore, the "trial court correctly concluded that a finding of concerted action could not be found on this record." *Peng v. Hu*, 335 F.3d 970, 980 (9th Cir. 2003).

2. The district court properly concluded that Escamilla did not proximately cause the SDPD officer's use of deadly force. *See Merritt v. Mackey*, 827 F.2d 1368, 1371 (9th Cir. 1987) (requiring a showing of proximate cause to establish § 1983 liability). Where a private actor's conduct forms part of a causal chain that leads to a state officials' unconstitutional action, "[a]bsent some showing that a private party had some control over state officials' decision to commit the challenged act, the private party did not proximately cause the injuries stemming from the act." *Franklin v. Fox*, 312 F.3d 423, 446 (9th Cir. 2002) (brackets omitted) (quoting *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986)). Here, Appellants do not present sufficient evidence to show that Escamilla

4

exercised any control over the law enforcement response to the bondsmen's calls generally or over the SDPD officer's decision to employ deadly force in particular. This record is insufficient to permit a reasonable inference that "private individuals exercised control over the decisionmaking" of the police in committing the challenged act. *Mann v. City of Tucson, Dep't of Police*, 782 F.2d 790, 793 (9th Cir. 1986).

**AFFIRMED.**